1  **JAIN LAW OFFICES, P.C.**
   Kunal Jain, SBN 296642
2  Kunal@JainLawOffices.com
   James L. Hanger III, SBN 293416
3  James@JainLawOffices.com
   10866 Wilshire Blvd, STE 400-#777
4  Los Angeles, CA 90024
   Business: (310)-957-2214
5  Facsimile: (424)-313-7123

6  **J.B. TWOMEY LAW**
   J.B. Twomey [SBN 294206]
7  JB@JBTwomeyLaw.com
8  10866 Wilshire Boulevard, Floor 4
   Los Angeles, California 90024
9  Telephone: (310) 980-6357
   Facsimile: (818) 937-6897
10
   Attorneys for Plaintiff,
11         ADRIAN GARCIA

12              **UNITED STATES DISTRICT COURT**
13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15 | ADRIAN GARCIA, an individual, on behalf | ) | Case No.:
16 | of himself, other current and former aggrieved | )
   | employees, and the State of California, as a | ) | **COMPLAINT FOR:**
17 | private attorneys general, | )
   | | ) | 1. Violations of *Cal. Labor Code* §§ 1194;
18 | Plaintiff, | ) |    226.2 & 1194.2
   | | ) | 2. Violations of *Cal. Labor Code* §§ 226 and
19 | vs. | ) |    226.2
   | | ) | 3. Violations of *Cal. Labor Code* § 226.7
20 | CORCORAN'S MOBILE SERVICES, INC. | ) | 4. Violations of *Cal. Labor Code* §§ 510 &
21 | d/b/a CMS FLEET SERVICES, a Texas | ) |    204.3
   | corporation; and DOES 1 through 10, | ) | 5. Violations of *Cal. Labor Code* § 512
22 | Inclusive, | ) | 6. Violations of *Cal. Labor Code* §§ 202; 203
   | | ) |    & 208
23 | | ) | 7. Violations of *Cal. Labor Code* § 2802
   | Defendants. | ) | 8. Violations of *Cal. Labor Code* §§ 204 & 210
24 | | ) | 9. Violations of *Cal. Bus. & Prof. Code*
25 | | ) |    §17200
   | | ) | 10. Violations of *Cal. Labor Code* § 2698, *et.*
26 | | ) |    *seq.*
   | | ) | 11. Breach of Written Contract
27 | | ) | 12. Breach of Oral Contract
   | | ) |
28

Plaintiff ADRIAN GARCIA, as an individual and on behalf of (1) himself as an aggrieved employee, (2) other current and former aggrieved employees, and (3) the State of California as a private attorneys general, under the Labor Code Private Attorneys General Act of 2004, Section 2698, *et seq*., hereby complains, alleges and states as follows:

## PARTIES

1. At all times relevant herein, Defendant CORCORAN'S MOBILE SERVICES, INC. D/B/A CMS FLEET SERVICES, a Texas corporation ("CMS"), was and is a Texas corporation with an address of 13519 Sundale Houston, Texas 77038 and doing business throughout the State of California, including in the County of Los Angeles as CMS Fleet Services. A true and correct copy of the Texas Secretary of State Business Organizations inquiry showing information related to CMS is attached hereto as Exhibit 1 and is incorporated herein.

2. Defendant CMS and Defendant DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

3. At all times relevant herein, Plaintiff ADRIAN GARCIA (hereinafter individually referred to as "Plaintiff Garcia" or "Plaintiff") was employed by and worked for Defendants, and each of them, throughout the State of California, including in the County of Los Angeles.

4. Plaintiff and any and all of Defendants' current and former non-exempt California employees are collectively referred to as "Aggrieved Employees."

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 1 through 10, Inclusive, and each of them, are unknown to Plaintiff, who therefore brings this action against said Defendants.

6. Plaintiff is informed and believes and based thereupon alleges that at all relevant times herein mentioned each of the Defendants and Does 1 through 10, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal representative, general administrator, member, co-conspirator, and/or joint venturer or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other

relationship and each other Defendants have ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of their agents, employees, predecessor-in-interest, successor-in-interest, trustees, trustors, and/or representatives, and that each actively, passively, acquiesced, participated in, allowed, aided and abetted, assisted, acted, or failed to act, with one another in the commission of the wrongdoing alleged in this Complaint.

## **FACTUAL ALLEGATIONS**

7. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

8. Defendants operate an on-site fleet maintenance and repair service.  Plaintiff is informed and believes that Defendants' business offers one of the largest on-site fleet services in the nation. A true and correct copy of Defendants' website is attached hereto as Exhibit 2 and is incorporated herein.

9. Through its business, Defendants have developed relationships with and currently maintain vehicles for multiple Fortune 500 companies.

10. Plaintiff is informed and believes that Defendants operate in forty-eight (48) states, serving local and national accounts twenty-four (24) hours a day, three hundred and sixty-five (365) days a year.

11. Defendants also provide these services in the State of California, where they employ labor in all areas, including the County of Los Angeles.

12. On or around January 2019, Plaintiff was hired as a non-exempt mechanic, servicing various vehicles for The Home Depot, Inc. ("Home Depot") at various locations throughout the state of California.  Plaintiff resigned from his employment due to Defendants' unlawful wage and hour practices on or around April 5, 2021.

13. While employed with Defendants, Plaintiff often worked seven (7) days per week and sixteen (16) hours per day.

14. Plaintiff's workdays included, without limitation, (1) driving throughout California to and from The Home Depot's various stores, (2) calling the various Home Depot stores to schedule the

service appointments, (3) performing automotive mechanic services on Home Depot fleet vehicles, (4) removing and dumping old motor oil refuse after completing services on Home Depot fleet vehicles, (5) acquiring necessary supplies to perform his mechanical duties, and (6) responding to emails, text messages and phone calls from Defendants.

15. Plaintiff is informed and believes, and thereupon alleges that Defendants scheduled Plaintiff's work days, schedule, and compensation based on their internal policies.

16. Plaintiff is informed and believes, and thereupon alleges, that Defendants' policies appliable to Plaintiff were also applicable to other non-exempt hourly employees working in the state of California.

17. One such policy that Defendants utilized was called a "per flat rate system," or "PFR," which compensated Plaintiff and other Aggrieved Employees on a piece rate basis.  Under Defendants' piece rate policy, Plaintiff and other Aggrieved Employees were compensated a pre-determined number of units for each task.  Under this system, Plaintiff was compensated at a rate of Twenty-Nine Dollars ($29.00) per unit for each unit Defendants associated with a particular task.  As an example, Defendants' policy was to compensate Plaintiff and the Aggrieved Employees a pre-determined number of units for each oil change they performed.  At the end of the pay period, Plaintiff and the Aggrieved Employees would be compensated based on the number of units they had accumulated in the pay period.  For Plaintiff, his compensation would be Twenty-Nine Dollars ($29.00) per unit.

18. However, Defendants' piece rate policy failed to compensate Plaintiff or any Aggrieved Employee for time spent working on tasks not associated with a piece-meal rate under the piece meal policy ("Non-Productive Time"). As a result, Defendants failed to compensate Plaintiff or the Aggrieved Employees for time they were under Defendants' control, but not performing an automotive task.

19. On almost every work day, Defendants' aforementioned policies resulted in the failure to compensate Plaintiff and the Aggrieved Employees for time they spent working for Defendants on tasks including appointment scheduling, disposing of automotive waste, compiling lists of necessary parts and supplies, responding to work-related emails, corresponding or

communicating with clients and/or Defendants, or traveling to and from various Home Depot locations.

20. Plaintiff and the Aggrieved Employees often worked more than ten (10) hours a day, sometimes as many as sixteen (16) hours a day.  Despite this time, Plaintiff and the Aggrieved Employees were not compensated at least minimum wage for the time they worked, or paid an overtime premium in violation of the *California Labor Code*.

21. For example, in the workweek ending February 28, 2021, Plaintiff worked more than eight (8) hours a day, and more than forty (40) hours in the week, but was not compensated for any time outside of seventy-seven and three quarters (77.75) piece rate units.  This did not account for any of the Non-Productive Time Plaintiff worked.  A true and correct copy of the first six (6) columns of GPS logs and Plaintiff's paystub for that time period provided by Defendants in response to Plaintiff's records request are attached hereto as Exhibit 3 and are incorporated herein.  The GPS logs reflect that on February 22, 2021, Plaintiff started his work day at 11:34 a.m. and ended his day hundreds of miles away at 9:02 p.m.  Defendants failed to pay Plaintiff overtime or any Non-Productive Time for this day or for any day during this pay period.

22. In the workweek ending November 1, 2020, Plaintiff worked more than eight (8) hours a day, and more than forty (40) hours in the week, but was not compensated for any time outside of eighty-four (84) piece rate units.  This did not account for any of the Non-Productive Time Plaintiff worked.  A true and correct copy of the first six (6) columns of GPS logs and Plaintiff's paystub for that time period provided by Defendants in response to Plaintiff's records request are attached hereto as Exhibit 4 and are incorporated herein. The GPS logs reflect that on October 26, 2020, Plaintiff started his work day at 5:41 a.m. and ended his day hundreds of miles away at 9:55 p.m.  Defendants failed to pay Plaintiff overtime or any Non-Productive Time for this day or for any day during this pay period.

23. Defendants also failed to compensate Plaintiff or the Aggrieved Employees for rest or recovery periods.  Throughout the duration of working there, Defendants' payment policy failed to compensate Plaintiff for any meal, rest, or recovery period.

24. Plaintiff is informed and believes, and thereupon alleges that Defendants' companywide policy failed to pay any Aggrieved Employee for overtime, or Non-Productive Time.

25. Plaintiff is informed and believes and thereupon alleges that Defendants also failed to compensate any Aggrieved Employees for meal, rest, or recovery periods.

26. Defendants often scheduled Plaintiff and the Aggrieved Employees to travel to various locations in the state of California, many which were far apart.  For example, the GPS logs show that on October 26, 2020, Plaintiff's work shift took him to over 35 different cities.  *See* Exhibit 4. Due to this travel, the extreme work load, and Defendants' policies, Plaintiff and the Aggrieved Employees were unable to take and in fact missed meal, rest, and recovery breaks.

27. Plaintiff is informed and believes, and thereupon alleges that Defendants never compensated Plaintiff or the Aggrieved Employees for any missed meal, rest, or recovery periods.

28. In fact, Plaintiff is informed and believes, and thereupon alleges that Defendants failed to make uninterrupted meal or rest periods available to Plaintiff or the Aggrieved Employees, and despite these failures never paid Plaintiff or any Aggrieved Employee one hour of wage at their regular rate of compensation for each missed break.

29. Defendants further failed to furnish Plaintiff or the Aggrieved Employees itemized wage statements showing accurate gross wages, net wages, the total number of hours worked, all applicable hourly rates in effect in a given pay period, or the number of hours worked at each hourly rate, the overtime rate or number of hour spent working overtime, the amount of Non-Productive Time, the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

30. As a result of Defendants' failure, Plaintiff was unable to discern from his wage statement alone whether he was accurately paid all wages he earned.

31. Defendants also had a policy that required Plaintiff and the Aggrieved Employees to purchase and pay for various equipment to be used as a part of their job, including hand tools, torque wrenches, sockets, gloves, eye protection, air tools, and other equipment.  In addition, Plaintiff and the Aggrieved Employees were responsible to pay for any tools that were broken or lost.

32. Moreover, Plaintiff incurred additional expenses discharging his duties for, or at the direction of, Defendants, including but not limited the use of his personal internet and cellular phone services in order to carry out Defendants' business.

33. Plaintiff is informed and believes, and thereupon alleges that Defendants' failure to reimburse him for the tools, equipment, as well as, his personal internet and cellular phone service necessary for the job, and requirement that Plaintiff and the Aggrieved Employees pay for various company-related tools is a violation of the *California Labor Code*.

34. Additionally, Defendants promised to pay Plaintiff and Plaintiff agreed to accept no less than One Hundred and Fifty Dollars ($150.00) once per month because Plaintiff was not using Defendants' insurance. Despite this agreement, Defendants never paid Plaintiff this amount in any month during Plaintiff's employment with Defendants.

35. At the time his employment ended in or around April 5, 2021, Defendants willfully failed to pay Plaintiff within 72 hours all the herein-described wages owed to him.

36. Plaintiff as an individual, and on behalf of himself and on behalf of the State of California and any and all Aggrieved Employees seeks the herein-cited 2698, *et seq.* penalties and any and all other civil penalties available to Plaintiff, all Aggrieved Employees and the State of California as a result of Defendants' various violations of the *California Labor Code* and IWC Wage Order set forth herein and as may be uncovered by way of discovery in this matter.

## JURISDICTION AND VENUE

37. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

38. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the party invoking federal jurisdiction, Plaintiff has the burden of establishing that this case lies within the Court's limited jurisdiction. *See id.* A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In determining the citizenship of a corporation, "a corporation shall be deemed to be a citizen of

every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" *Id*. § 1332(c)(1).

39. Here, Plaintiff is informed and believes, and thereupon alleges that Defendant CMS is incorporated in the state of Texas and has its principal place of business located in Texas as described herein.  Hence, CMS is a citizen of Texas.

40. Plaintiff is a citizen of California and is, and has been domiciled in the state for the duration of his employment with Defendants and at the time of this Complaint.

41. As such, Plaintiff is informed and believes, and thereupon alleges that the parties are completely diverse for purposes of jurisdiction.

42. Plaintiff is further informed, believes, and thereupon alleges that Defendants acted in violation of the provisions set forth in the *California Labor Code* with respect to Plaintiff and all Aggrieved Employees.  These violations include, failing to pay minimum wages, failing to pay overtime wages, failing to provide adequate meal, rest and recovery periods, failure to pay the penalties associated with those violations, failure to provide adequate/accurate itemized wage statements, failing to reimburse for necessary business expenses and failing to pay all wages due at the time employment ended.

43. Plaintiff is informed and believes that while employed with Defendants, Defendants' conduct has caused him greater than $75,000.00 in damages, including without limitation, unpaid wages, unpaid reimbursements, statutory and civil penalties, attorneys' fees, costs, interest, liquidated damages, and other damages permissible under the *California Labor Code*.

44. "Venue is proper in any county in which an aggrieved employee worked and Labor Code violations allegedly occurred." *Crestwood Behavioral Health, Inc. v. Superior Court,* Cal App. 2021 WL 613700 (Cal. Ct. App. 2021).  Plaintiff worked throughout Los Angeles County, where Defendants' above-described violations occurred.

45. The above-captioned Court has jurisdiction over this action and has personal jurisdiction over Defendants, which had minimum contacts in this State due to its:  (1) conducting business in the State of California; (2) hiring and maintaining employees in the State of California; and (3) availing itself/themselves of the protection of the laws of the State of California.

46. Venue in the above-captioned Court is proper because Defendants committed the acts complained of herein in Los Angeles County

## FACTUAL ALLEGATIONS

## EXHAUSTION OF PROCEDURAL REQUIREMENTS

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

48. On or around May 12, 2021, Plaintiff sent written notice by certified mail to Defendants notifying it/them of the specific violations set forth herein and the facts and theories supporting those violations. A true and correct copy of the May 12, 2021 PAGA notice is attached hereto as Exhibit 5 and is incorporated herein.

49. On or around May 12, 2021, Plaintiff sent the same written notice electronically to the Labor and Workforce Development Agency ("LWDA").

50. The LWDA provided no notice of investigation to Plaintiff within the statutorily required period of time following his May 12, 2021 electronic upload. As of the date of this Complaint, the LWDA has provided no notice of investigation to Plaintiff.

51. Thus, Plaintiff can commence this civil action pursuant to *California Labor Code* section 2698, *et seq*.

## FIRST CAUSE OF ACTION

### Violations of *Cal. Labor Code* §§ 1194, 226.2 & 1194.2

### (Against All Defendants)

52. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

53. At all times relevant herein, C*alifornia Labor Code* sections 1194, 226.2 and 1194.2, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

54. "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage

or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." *Cal. Labor Code* § 1194(a).

55. IWC Wage Orders state in part: "Every employer shall pay to each employee wages not less than the following:  (1) Any employer who employs 26 or more employees shall pay to each employee wages not less than the following: (a) Twelve ($12.00) per hour for all hours worked, effective January 1, 2020; and (b) Thirteen dollars ($13.00) per hour for all hours worked, effective January 1, 2021; (2) Any employer who employs 25 or fewer employees shall pay to each employee wages not less than the following: (a) Eleven dollars ($11.00) per hour for all hours worked, effective January 1, 2020; and (b) Twelve dollars($12.00) per hour for all hours worked, effective January 1, 2021.

56. For employees compensated on a piece-rate basis during a pay period, the following shall apply for that period: (1) employees shall be compensated for rest and recovery periods and other non-productive time separate from any piece rate compensation. *Cal. Lab. Code* § 226.2 (a)(1) Nonproductive time" means time under the employer's control, exclusive of rest and recovery periods, that is not directly related to the activity being compensated on a piece-rate basis. *Id.*

57. For employees compensated on a piece-rate basis during a pay period, the following shall apply for that period: (4) Employees shall be compensated for other nonproductive time at an hourly rate that is no less than the applicable minimum wage.  *Cal. Lab. Code* § 226.2 (a)(4)

58. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 226.2.

59. As a proximate result of Defendants' failure to pay Plaintiff the minimum wage, pursuant to the provisions of *California Labor Code* §§ 1194(a) and 226.2 and IWC Wage Orders, Plaintiff has suffered and will continue to suffer economic damages in an amount to be proven at trial.

60. Under *California Labor Code* Section 1194.2(a): "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

61. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 1194, 226.2 and 1194.2

62. Plaintiff was victim of Defendants' said violations in at least one pay period during Plaintiff's employment with Defendants.

63. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 1194, 226.2 and 1194.2.

64. Plaintiff prays that the Court award Plaintiff all civil penalties, statutory penalties, monetary damages, attorneys' fees, costs, liquidated damages, interest on unpaid wages, and any other relief available to Plaintiff under the Labor Code and that the Court deems proper as a result of Defendants' violations.

## SECOND CAUSE OF ACTION

### Violation *Cal. Labor Code* §§ 226 & 226.2

### (Against All Defendants)

65. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

66. At all times relevant herein, C*alifornia Labor Code* sections 226 and 226.2, as well as, all IWC Wage Orders, areand were in full force and effect and were binding on Defendants.

67. Defendants, and each of them, were obligated under *Labor Code* § 226 and the applicable IWC Wage Order, to keep an accurate record of the hours of labor worked by Aggrieved Employees and to prepare and submit to Aggrieved Employees with each payment of wages an itemized statement accurately showing nine specific categories of information.

68. For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period: The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable: The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period. *Cal. Lab. Code § 226.2(a)(2).* In addition, the wage statement must include the

total hours of other nonproductive time, the rate of compensation for that time, and the gross wages paid for that time during the pay period. *Id.*

69. Pursuant to *Labor Code* § 226(e)(1), Plaintiff is entitled to recover the greater of all actual damages or a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof, up to a maximum amount of $4,000.00, as well as, an award of costs and reasonable attorney's fees.

70. Defendants' itemized statements were not accurate and failed to include the total number of hours of compensable rest and recovery periods, the rate of compensation for the rest and recovery periods, the gross wages paid for rest and recovery periods, the number of nonproductive hours worked, the rate of compensation for all nonproductive work, the gross wages paid, the total hours worked, or each hourly rate in effect or the number of hours worked at each hourly rate.

71. Defendants' conduct was willful, and its failure to include this information on wage statements caused Plaintiff damage, and resulted in Plaintiff's inability to determine whether he was paid accurately.

72. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* sections 226 and 226.2.

73. Plaintiff was victim of Defendants' said violations in at least one pay period during Plaintiff's employment with Defendants.

74. Plaintiff is informed and believes and, on that basis, alleges that Defendants issued wage statements containing the same deficiencies to each of the Aggrieved Employees.

75. Plaintiff prays that the Court award Plaintiff all penalties, damages allowable under the labor code based on Defendants' violations of *California Labor Code* sections 226 and 226.2, as well as, an award of costs and reasonable attorney's fees and any other remedy that the court deems proper.

//

//

//

**THIRD CAUSE OF ACTION**

**Failure to Make Rest or Recovery Periods Available in Violation of *Cal. Labor Code* § 226.7**

**(Against All Defendants)**

76. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

77. At all times relevant herein, C*alifornia Labor Code* sections 226.7, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

78. Employees are entitled to a net rest period of at least ten (10) minutes per each consecutive four (4) hour work period or major fraction thereof, after the first three and one-half (3½) hours worked in a workday. *Cal. Lab. Code* § 226.7.

79. *California Labor Code* § 226.7 requires an employer to pay an additional hour of compensation for each workday where an employee fails to receive a rest period for each consecutive four (4) hour shift worked.

80. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 226.7.

81. Plaintiff was victim of Defendants' said violations in at least one pay period during Plaintiff's employment with Defendants.

82. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 226.7.

83. Plaintiff prays that the Court award Plaintiff the unpaid balance of the full amount of Plaintiff's rest period wages.

**FOURTH CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of *Cal. Labor Code* §§ 510 & 204.3**

**(Against All Defendants)**

84. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

85. At all times relevant herein, C*alifornia Labor Code* sections 510 and 204.3, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

86. Under *California Labor Code* § 510(a), "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

87. Section 3 of the applicable IWC Wage Order states in part: ". . . employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek."

88. Section 3 further states: "Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek. (c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary."

89. "An employee may receive, in lieu of overtime compensation, compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation is required by law. If an hour of employment would otherwise be compensable at a rate of more than one and one-half times the employee's regular rate of compensation, then the employee may receive compensating time off commensurate with the higher rate." *California Labor Code* Section 204.3.

90. As set forth herein, Defendants' scheduling policies resulted in Plaintiff working more than ten (10) hours a day and sometimes up to sixteen (16) hours a day, but never being compensated

an overtime premium as required for those hours.  As a result, Plaintiff was a victim of Defendants' violations of *California Labor Code* sections 510 and 204.3.

91. Plaintiff was victim of Defendants' said violations in at least one pay period during Plaintiff's employment with Defendants.

92. Plaintiff is informed and believes and thereupon alleges that the Aggrieved Employees were subject to the same scheduling policy.

93. Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* sections 510 and 204.3.

94. As a proximate result of Defendants' failure to pay Plaintiff his proper overtime wages, pursuant to the provisions of *California Labor Code* § 510, Plaintiff is entitled to recover from Defendants an amount equal to the wages unlawfully unpaid and interest thereon.

95. "[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." *California Labor Code* § 1194.

96. As a proximate result of Defendants' failure to pay Plaintiff's overtime wages, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and have incurred and will continue to incur attorney's fees and costs in connection therewith.

97. Plaintiff prays that the Court award Plaintiff the unpaid balance of the full amount of Plaintiff's overtime wage compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Make Meal Periods Available in Violation of *Cal. Labor Code* § 512

### (Against All Defendants)

98. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

99. At all times relevant herein, *California Labor Code* section 512, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

100. Under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

101. Also under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

102. Section 11 of the IWC Wage Orders states in part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee."

103. Additionally, Section 11 of the IWC Wage Orders states in part: "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

104. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 512.

105. Plaintiff was victim of Defendants' said violations in at least one pay period during Plaintiff's employment with Defendants.

106. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 512.

107. Plaintiff prays that the Court award Plaintiff the unpaid balance of the full amount of Plaintiff's meal period wages, including interest thereon.

## SIXTH CAUSE OF ACTION

**Waiting Time Penalties in Violation of *Cal. Labor Code* §§ 202,203 & 208**

**(Against All Defendants)**

108. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

109. At all times relevant herein, C*alifornia Labor Code* sections 202, 203 and 208, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

110. Under *California Labor Code* Section 202(a): "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."

111. "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Cal. Lab. Code* § 203(a).

112. "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." *Id*. at (b).

113. Pursuant to *California Labor Code* Section 208: "Every employee who is discharged shall be paid at the place of discharge, and every employee who quits shall be paid at the office or agency of the employer in the county where the employee has been performing labor. All payments shall be made in the manner provided by law." *Cal. Lab. Code* § 208.

114. "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the

prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." *California Labor Code* § 218.5.

115. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* sections 202, 203 and 208.

116. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees who resigned were also victim of Defendants' violations of *California Labor Code* section 202, 203 and 208.

117. Plaintiff prays that the Court award Plaintiff all penalties from Defendants pursuant to *California Labor Code* section 203, as well as, attorney's fees and costs.

## <u>SEVENTH CAUSE OF ACTION</u>

**Failure to Indemnify Plaintiff for Expenses in Violation of *Cal. Labor Code* § 2802**

**(Against All Defendants)**

118. Plaintiff re-alleges and incorporates by reference each of the above paragraphs as alleged herein.

119. At all times mentioned herein *California Labor Code* section 2802, as well as, all IWC Wage Orders, are and were in full force and effect and was binding on Defendants.

120. *California Labor Code* section 2802(a) states: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

121. "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." *Id*. at 2802(b).

122. "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." *Id*. at 2802(c).

123. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 2802.

124. Plaintiff was victim of Defendants' said violations in at least one pay period during Plaintiff's employment with Defendants.

125. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 2802.

126. Accordingly, Defendants can be held liable for the damages stemming from the violations of *California Labor Code* section 2802.

127. As a proximate result of Defendants' failure to indemnify Plaintiff, pursuant to the provisions of *California Labor Code* section 2802, Plaintiff suffered losses in earnings, and other employment benefits along with other incidental and consequential damages and losses, all in an amount to be proven at trial.

128. As a proximate result of Defendants' failure to indemnify Plaintiff, pursuant to the provisions of *California Labor Code* § 2802, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims herein, and has incurred and will continue to incur attorney's fees and costs in connection therewith.

129. Plaintiff prays that the Court award Plaintiff reimbursement of all necessary expenditures and/or losses, including costs incurred discharging Plaintiff's duties for Defendants with interest thereon, reasonable attorneys' fees and other costs incurred enforcing Plaintiff's rights granted by *California Labor Code* section 2802.

## EIGHTH CAUSE OF ACTION

**Failure to Pay All Wages Earned Twice During a Calendar Month in Violation of *Cal. Labor Code* §§ 204 & 210**

**(Against All Defendants)**

130. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

131. At all times relevant herein, C*alifornia Labor Code* sections 204 and 210, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

132. "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." *California Labor Code* Section 204.

133. "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.  (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.  (b) The penalty shall either be recovered by the employee as a statutory penalty pursuant to Section 98 . . . ." *California Labor Code* Section 210.

134. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 204 and is thus entitled to the statutory penalties set forth in Section 210.

135. Plaintiff was victim of Defendants' said violations in at least one pay period during Plaintiff's employment with Defendants.

136. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 204. Plaintiff prays that the Court award Plaintiff all penalties plus 25 percent of the amount unlawfully withheld by Defendants pursuant to *California Labor Code* section 210.

## NINTH CAUSE OF ACTION

### Violations of *Cal. Bus. & Prof. Code* § 17200

### (Against All Defendant)

137. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

138. At all times relevant herein, C*alifornia Business and Professions Code* § 17200 *et seq*. is and was in full force and effect and was binding on Defendants.

139. The Unfair Competition Law ("UCL"), which is codified under *California Business and Professions Code* § 17200 *et seq*. prohibits acts of "unfair competition," including any

1  unlawful, unfair, fraudulent *or* deceptive business act *or* practice as well as "unfair, deceptive,

2  untrue or misleading advertising."

3  140. By virtue of the direct injuries that Plaintiff sustained from Defendants' wrongful conduct,

4  Plaintiff has standing to sue in order to obtain the remedies that are available to Plaintiff under

5  the UCL.

6  141. The UCL authorizes injunctive relief to prevent unlawful, unfair, or fraudulent business acts for

7  practices, and both restitution and disgorgement of money or property wrongfully obtained by

8  means of such unfair competition. *Bus. & Prof. Code* § 17203.

9  142. An action may be brought under the UCL by any person, corporation or association, or by any

10  person action for the interests of itself, its members, or the general public. *Bus. & Prof. Code* §

11  17204.

12  143. A Plaintiff may bring § 17200 claim even when the underlying statutory violation does not

13  provide the Plaintiff with a private right of action. *See Manser v. Serra Foothills Public Utility*

14  *Dist.* (E.D. Cal. 2008) 2008 WL 5114619, at * 7; *Kasky v. Nike, Inc.* (2002) 27 Cal. App. 4th

15  832, 839.

16  **Unfair Conduct**

17  144. As set forth herein, Defendants engaged in a pattern of unfair and unlawful business practices

18  with respect to Plaintiff's employment at Defendants in violation of *Bus. & Prof. Code* §

19  17200.

20  145. Defendants violated the "unfair prong" of *Cal. Bus. & Prof. Code* § 17200 by engaging in the

21  following, wrongful, improper, and unfair conduct:

22  a. Defendants unfairly failed to pay Plaintiff minimum wages due;

23  b. Defendants unfairly failed to pay Plaintiff overtime wages and wages for, including but not

24  limited to, Non-Productive Time due;

25  c. Defendants unfairly denied Plaintiff meal periods, and failed to pay Plaintiff the additional

26  hour at his regular rate for denying the meal periods;

27  d. Defendants unfairly denied Plaintiff rest periods, and failed to pay Plaintiff the additional

28  hour at his regular rate for denying the rest periods; and

e. Defendants unfairly failed to indemnify Plaintiff for the expenses incurred in discharging Plaintiff's duties for Defendants.

146. Defendants' conduct also violated the "unfair" prong of the UCL because the utility of Defendants' actions and/or omissions was significantly outweighed by the gravity of the harm that it imposed on employees.

147. Further, the public is led to believe that Defendants provide a fair, safe, and legally sufficient work environment for their employees and comply with California laws governing Labor and Employment issues, despite the fact that both of these impressions are untrue.  Defendants' pattern of wrongful, improper, and unlawful business practices is injurious to Defendants' employees and consumers alike.

**Unlawful Conduct**

148. "Unlawful" conduct under *Bus. & Prof. Code* § 17200 is any practices forbidden by law, whether civil or criminal, federal or state, or municipal, statutory, regulatory, or court made. *See Farmers Ins. Exchange v. Super. Ct.,* 2 Cal.4th 377, 383 (1992).

149. By proscribing 'any unlawful' business practice, § 17200 'borrows' violations of other laws and treats them as unlawful practices that the UCL makes independently actionable.  *See Blanks v. Shaw,* 171 Cal. App. 4th 336, 363-64 (2009); *Schnall v. Hertz Corp.,* 78 Cal. App. 4th 1144, 1153 (2000).

150. Defendants violated the "unlawful" prong of *Cal. Bus. & Prof. Code* § 17200 as follows:

a. Violations of *Cal. Labor Code* §§ 1194 & 226.2;

b. Violations of *Cal. Labor Code* § 510;

c. Violations of *Cal. Labor Code* § 512;

d. Violations of *Cal. Labor Code* § 226.7; and

e. Violations of *Cal. Labor Code* § 2802.

151. The violation of these laws serves as unlawful predicate acts which have resulted in injury in fact and loss of money and property to Plaintiff for purposes of *Business and Professions Code* §§17200 *et seq.*

152. Plaintiff is entitled to restitutionary damages which constitutes or results from all unpaid wages, the additional hour of pay at Plaintiff's regular rate for Defendants' failure to provide meal and rest periods as well as, costs and/or expenses incurred in discharging Plaintiff's duties for Defendant.

## TENTH CAUSE OF ACTION

### Violations of *Cal. Lab. Code* § 2698, *et seq.*

### (Against All Defendants)

153. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

154. At all times relevant herein, *California Labor Code* § 2698, *et seq*. is and was in full force and effect and were binding on Defendants.

155. "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." *Cal. Lab. Code* § 2699(a).

156. "Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part." *Lab. Code* § 2699(g).

157. "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs, including any filing fee paid . . . ." *Lab. Code* § 2699(g).

158. Pursuant to the provisions of *California Labor Code* § 2699(f)(1)-(2), Plaintiff is entitled to penalties in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

159. On or around May 12, 2021, Plaintiff sent written notice by certified mail to all Defendants notifying them of the specific violations set forth herein and the facts and theories supporting the violations.

160. On or around May 12, 2021, Plaintiff sent the same written notice electronically to the Labor and Workforce Development Agency ("LWDA").

161. The LWDA provided no notice of investigation to Plaintiff within the statutorily required period of time following May 12, 2021.  As of the date of this complaint, the LWDA has provided no notice of investigation to Plaintiff.

162. Thus, Plaintiff can commence this civil action pursuant to *California Labor Code* section 2699.

163. At all times relevant herein, *California Labor Code* sections 1197 and 1182.12 are and were in full force and effect and were binding on Defendants.

164. Under *California Labor Code* Section 1197: "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

165. Under *California Labor Code* Section 1182.12: "Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour."

166. As set forth herein, Defendants failed to pay Plaintiff and Aggrieved Employees all wages owing; thus, each pay period, and in at least one pay period, Plaintiff and Aggrieved Employees were underpaid in violation of Labor Code sections 1197 and 1182.12.

167. At all times relevant herein, *California Labor Code* section 1197.1 is and was in full force and effect and was binding on Defendants.

168. Under *California Labor Code* Section 1197.1(a): "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 . . . ."

169. Under *California Labor Code* Section 1197.1(a)(1): "For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

170. Also under *California Labor Code* Section 1197.1(a)(2): "For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203."

171. Finally, under *California Labor Code* Section 1197.1(a)(3): "Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

172. As set forth herein, Defendants failed to pay Plaintiff and Aggrieved Employees all wages owing; thus, each pay period Plaintiff and Aggrieved Employees were underpaid.

173. Plaintiff prays this Court award Plaintiff and Aggrieved Employee, all penalties from Defendants pursuant to *California Labor Code* section 1197.1.

174. At all times relevant herein, C*alifornia Labor Code* section 1198, as well as, all IWC Wage Orders, are and were in full force and effect and was binding on Defendants.

175. California Labor Code section 1198 provides that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

176. As set forth herein, Defendants caused Plaintiff and Aggrieved Employees to be employed under conditions of labor prohibited by the applicable IWC Wage Order in all pay periods, and in at least one pay period. Accordingly, Defendants' actions were unlawful and in violation of *California Labor Code* section 1198.

177. At all times relevant herein, C*alifornia Labor Code* section 1199, as well as, all IWC Wage Orders, are and were in full force and effect and was binding on Defendants.

178. Under *California Labor Code* Section 1199: "Every employer or other person acting either individually or as an officer, agent, or employee of another person is . . . punishable by a fine of not less than one hundred dollars ($100) . . . who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission. (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission."

179. As set forth herein, in all pay periods, and in at least one pay period, Defendants required or caused Plaintiff and Aggrieved Employees to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission, Defendants paid or caused to be paid to Plaintiff and Aggrieved Employees a wage less than the minimum fixed by an order of the commission, and Defendants refused or neglected to comply with provisions of this chapter or any order or ruling of the commission.

180. Beginning January 1, 2016 *California Labor Code* section 558, as well as, all IWC Wage Orders, are and were in full force and effect and was binding on Defendants.

181. "Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any

order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages." *Cal. Lab. Code* § 558(a)(1)-(2).

182. "The civil penalties provided for in this section are in addition to any other civil . . . penalty provided by law." *Id*. at (d).

183. As set forth herein, in all pay periods, and in at least one pay period, Defendants caused violations of *Labor Code* sections 1194, 510, 512, 226.7, 226, 2802 and 203, as well as, the applicable sections of the IWC Wage Orders.  Plaintiff and the Aggrieved Employees were victims of these violations in all pay periods and in at least one pay period.Plaintiff prays this Court award Plaintiff and each Aggrieved Employee all penalties from Defendants pursuant to *California Labor Code* section 558.

184. At all times relevant herein, C*alifornia Labor Code* section 226.3 is and was in full force and effect and was binding on Defendants.

185. "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law." *Cal. Lab. Code* § 226.3.

186. As set forth herein, Defendants violated *California Labor Code* section 226 by providing inaccurate itemized payroll records, or no itemized payroll records at all to Plaintiff and the

Aggrieved Employees in all pay periods, and in at least one pay period.  Thus, Plaintiff prays this Court award Plaintiff and each underpaid Aggrieved Employee all penalties from Defendants pursuant to *California Labor Code* section 226.3.

187. At all times relevant herein, C*alifornia Labor Code* sections 1174 and 1174.5 are and were in full force and effect and was binding on Defendants.

188. Under *California Labor Code* Section 1174(d): "Every person employing labor in this state shall: . . . Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to . . . ."

189. Under *California Labor Code* Section 1174.5: "Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

190. As set forth herein, Defendants failed to keep records showing all hours worked and all wages paid to Plaintiff and Aggrieved Employees.

191. Accordingly, Defendants violated *California Labor Code* section 1174 and Plaintiff prays this Court award Plaintiff and each underpaid Aggrieved Employee all penalties from Defendants pursuant to *California Labor Code* section 1174.5.

192. At all times relevant herein, C*alifornia Labor Code* section 201 is and was in full force and effect and were binding on Defendants.

193. "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  *Cal. Lab. Code* § 201(a).

194. As set forth herein, Defendants failed to pay the Aggrieved Employees all wages earned, thus, Defendants also failed to pay any terminated Aggrieved Employee all wages owing at the time and place of their discharge.

195. Beginning January 1, 2016 *California Labor Code* § 558.1 is and was in full force and effect and was binding on Defendants.

196. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." *Cal. Lab. Code* § 558.1(a).

197. "Nothing in this section shall be construed to limit the definition of employer under existing law." *Id*. at (c).

198. Plaintiff is informed and believes and thereon alleges, and as set forth herein the following *California Labor Code* violations were caused to be violated by Defendants: 1194, 510, 226.7, 226, 2802 and 203. Plaintiff and the Aggrieved Employees were victims of these violations in all pay periods and in at least one pay period.

199. Defendants, as detailed herein, committed the following violations of the *California Labor Code* against Plaintiff, and, on information and belief, against all Aggrieved Employees: Defendants violated *California Labor Codes* sections 1194; 1194.2, 226.2; 510; 204.3; 512; 226.7; 226; 201; 202; 203; 208 2802; and 1174.

200. Defendants, based on the just-listed *California Labor Code* violations, also violated the following *California Labor Codes* sections 1197; 1182.12; 1198; 1199; 204; and 558.1.

201. Based on all preceding *California Labor Code* Violations, Plaintiff, all Aggrieved Employees and the State of California seek civil penalties pursuant to the following *California Labor Code* Sections: 1197.1; 558; 210; 226.3; 1174.5; and 2699(f)(1)-(2).

202. Plaintiff prays that the Court award all civil penalties for Plaintiff, all Aggrieved Employees and the State of California, as well as, reasonable attorneys' fees and costs incurred in this action, and any filing fee paid in this action.

## ELEVENTH CAUSE OF ACTION

### Breach of Written Contract

### (Against All Defendants)

203. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

204. During the four years last past, Defendants promised to pay Plaintiff and Plaintiff agreed to accept no less than One Hundred and Fifty Dollars ($150.00) once per month because Plaintiff was not using Defendants' insurance.

205. Plaintiff performed all conditions, covenants, and promises required of him under the agreement in that he did not use Defendants' insurance.

206. Defendants and Plaintiff manifested an intention to be bound by the terms of the agreement because Defendants did not provide insurance for Plaintiff because they expected, in accordance with the agreement, that Plaintiff would not use their insurance.

207. Defendants breached the agreement by failing to pay Plaintiff One Hundred and Fifty Dollars ($150.00) once per month for not using Defendants insurance.

208. As a direct and proximate result of Defendants' failure to pay Plaintiff his agreed upon One Hundred and Fifty Dollars ($150.00) once per month, Plaintiff has been damaged in an amount according to proof at trial, together with interest thereon.

209. Defendants are directly, contributorily, and/or vicariously liable for these actions.

## TWELFTH CAUSE OF ACTION

### Breach of Oral Contract

### (Against All Defendants)

210. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

211. During the four years last past, Defendants promised to pay Plaintiff and Plaintiff agreed to accept no less than One Hundred and Fifty Dollars ($150.00) once per month because Plaintiff was not using Defendants' insurance.

212. Plaintiffs performed all conditions, covenants, and promises required of them under the agreement in that he did not use Defendants' insurance.

213. Defendants and Plaintiffs manifested an intention to be bound by the terms of the agreement because Defendants did not provide insurance for Plaintiff because they expected, in accordance with the agreement, that Plaintiff would not use their insurance.

214. Defendants breached the agreement by failing to pay Plaintiff One Hundred and Fifty Dollars ($150.00) once per month for not using Defendants insurance.

215. As a direct and proximate result of Defendants' failure to pay Plaintiff their agreed upon One Hundred and Fifty Dollars ($150.00) once per month, Plaintiff has been damaged in an amount according to proof at trial, together with interest thereon.

Defendants are directly, contributorily, and/or vicariously liable for these actions.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff ADRIAN GARCIA prays for judgment for Plaintiff ADRIAN GARCIA against Defendant CORCORAN'S MOBILE SERVICES, INC. D/B/A CMS FLEET SERVICES, and Defendant DOES 1 through 10, as follows:

1. All actual, consequential and incidental financial losses, unpaid wages, reimbursements, and restitution, together with prejudgment interest, according to proof, and in an amount greater than $75,000.00;

2. Additional compensatory and/or general damages according to proof;

3. All statutory penalties and relief allowed under the *California Labor Code* according to proof;

4. Reasonable attorneys' fees, costs, and filing fees paid according to proof;

5. Post-judgment interest according to any applicable provision of law, according to proof;

6. Costs and fees incurred as a result of the above-captioned action; and

7. Any additional, further relief as the Court deems proper.


WHEREFORE, Plaintiff ADRIAN GARCIA prays for judgment for Plaintiff ADRIAN GARCIA as an aggrieved employee, and on behalf of all Aggrieved Employees and the State of

California against Defendant CORCORAN'S MOBILE SERVICES, INC. D/B/A CMS FLEET SERVICES, and Defendant DOES 1 through 10, as follows:

1. All civil penalties and relief allowed under the *California Labor Code* according to proof;

2. Reasonable attorneys' fees, costs, and filing fees paid according to proof;

3. Post-judgment interest according to any applicable provision of law, and according to proof;

4. Costs and fees incurred as a result of the above-captioned action; and

5. Any additional, further relief as the Court deems proper.

Dated: April 21, 2022                    **JAIN LAW OFFICES, P.C.**

                                                    /s/Kunal Jain
                                    BY:_____
                                                    Kunal Jain
                                                    Jain Law Offices, P.C
                                                    Attorneys for Plaintiff,
                                                    ADRIAN GARCIA

# EXHIBIT 1

# TEXAS SECRETARY of STATE
# RUTH R. HUGHS

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 101974200 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | December 8, 1986 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 17602091559 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | CORCORAN'S MOBILE SERVICES, INC. |
| **Address:** | 13280 NORTHWEST FWY # F412 |
| | HOUSTON, TX 77040-6029 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Address | Inactive Date |
|---|---|---|
| Ronald J Corcoran | 13519 SUNDALE | |
| | Houston, TX 77038 USA | |

Order   Return to Search

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

# EXHIBIT 2

1-888-800-9977 | info@cmsfleet.com

CMS FLEET SERVICES
35 Years of Excellence

Home About Us Services Tool Box Careers FAQs Service Area **SERVICE REQUEST**

Fleet Maintenance Mobile

# FLEET MANAGEMENT

Complete fleet management services for any sized fleet

Corcoran's Mobile Services, Inc. is One of the Nation's Largest Providers of On-Site Fleet Maintenance Repair Services. We Offer Cutting Edge Solutions for Your Unique Fleet's Needs.

### Find A Location

Our service coverage area is greater than most fleet service companies and we ensure rapid response times to get you back on the road fast!

We offer coverage in 30 states and 24 hour / 7 day a week coverage in 17 states.

### Targeting Small Fleets

While some fleet maintenance providers focus exclusively on fleets with greater than 500 vehicles, CMS has established a significant presence in the small business segment.

No matter the size of your fleet we have the right solution for you.

### Leveraging Large Fleet Relationships

As an established player in the private fleet and rail industry, CMS is able to effectively promote its product to the local business units of its customers.

Professional mechanics that provide service to your fleet in remote locations.



Providing maintenance services that keep your fleet rolling.

EXHIBIT 3

8/19/21 1:54:26 PM CDT
2/22/21 12:00:00 AM
2/28/21 12:00:01 AM
12:00 AM-12:00 AM
HOWARD SILVA

GGW6318
1,745.3
No
All Landmarks

| Driver | VIN | Date | Ignition/Status | Address | City |
|--------|-----|------|-----------------|---------|------|
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 11:34:05 AM | On | 21608 Tussing Ranch Rd | Apple Valley |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 11:36:06 AM | On | 10548 Kiowa Rd | Apple Valley |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 11:38:06 AM | On | Kiowa Rd | Apple Valley |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 11:40:06 AM | On | 12186 Snapping Turtle Rd | Apple Valley |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 11:42:06 AM | On | 20956 Bear Valley Rd | Apple Valley |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 11:42:54 AM | Off | 20972 Bear Valley Rd | Apple Valley |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:03:45 PM | On | 20972 Bear Valley Rd | Apple Valley |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:05:45 PM | On | 20286 Bear Valley Rd | Apple Valley |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:07:45 PM | On | 19228 Bear Valley Rd | Apple Valley |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:09:45 PM | On | 18134 Bear Valley Outer Hwy N | Victorville |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:11:45 PM | On | 12103 Industrial Blvd | Victorville |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:13:45 PM | On | 17052 Sequoia Ave | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:14:38 PM | Off | 17058 Sequoia Ave | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:24:20 PM | On | 17058 Sequoia Ave | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:26:20 PM | On | 17009 Sequoia Ave | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:28:20 PM | On | 17009 Sequoia Ave | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:30:20 PM | On | 17009 Sequoia Ave | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:32:20 PM | On | 17009 Sequoia Ave | Hesperia |

| | | | | | | |
|---|---|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:34:20 PM | On | 17009 Sequoia Ave | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:36:20 PM | On | 17009 Sequoia Ave | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:38:20 PM | On | 12086 Hesperia Rd | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:40:20 PM | On | 16320 Bear Valley Rd | Victorville |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:42:20 PM | On | 15150 Bear Valley Rd | Victorville |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:44:20 PM | On | Bear Valley Rd | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:45:45 PM | Off | 12127 Mall Blvd | Victorville |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:50:42 PM | On | 12127 Mall Blvd | Victorville |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:52:42 PM | On | 12127 Mall Blvd | Victorville |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:54:42 PM | On | Bear Valley Rd | Victorville |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:56:42 PM | On | Barstow Fwy S | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 12:58:42 PM | On | Barstow Fwy S | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:00:42 PM | On | Barstow Fwy S | Hesperia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:02:42 PM | On | Barstow Fwy S | Phelan |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:04:42 PM | On | Barstow Fwy S | Phelan |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:06:42 PM | On | Barstow Fwy S | San Bernardino |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:08:44 PM | On | Barstow Fwy S | San Bernardino |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:10:44 PM | On | I-15 S | San Bernardino |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:12:46 PM | On | I-15 S | San Bernardino |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:14:48 PM | On | I-15 S | Fontana |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:16:48 PM | On | CA-210 W | Rancho Cucamonga |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:18:48 PM | On | CA-210 W | Rancho Cucamonga |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:20:50 PM | On | CA-210 W | Rancho Cucamonga |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:22:50 PM | On | 1200 E 20th St | Upland |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:24:52 PM | On | N Campus Ave | Upland |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:26:52 PM | On | N Campus Ave | Upland |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:28:52 PM | On | N Campus Ave | Upland |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:30:52 PM | On | N Campus Ave | Upland |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:32:54 PM | On | N Campus Ave | Upland |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:34:54 PM | On | N Campus Ave | Upland |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:36:54 PM | On | CA-210 W | Upland |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:38:54 PM | On | N Benson Ave | Upland |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:40:54 PM | On | CA-210 W | Claremont |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:42:54 PM | On | CA-210 W | La Verne |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:44:54 PM | On | CA-210 W | San Dimas |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:46:54 PM | On | Foothill Fwy W | Glendora |

| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:48:54 PM On | Foothill Fwy W | Azusa |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:50:56 PM On | Foothill Fwy W | Baldwin Park |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:52:58 PM On | Foothill Fwy W | Duarte |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:54:58 PM On | Foothill Fwy E | Monrovia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:56:58 PM On | Foothill Fwy W | Arcadia |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 1:59:00 PM On | Foothill Fwy W | Pasadena |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:01:00 PM On | CA-134 W | Pasadena |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:03:00 PM On | CA-134 W | Los Angeles |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:05:00 PM On | CA-134 W | Glendale |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:07:02 PM On | CA-134 W | Los Angeles |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:09:04 PM On | CA-134 W | Burbank |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:11:04 PM On | US-101 N | North Hollywood |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:13:04 PM On | US-101 N | Sherman Oaks |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:15:04 PM On | US-101 N | Sherman Oaks |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:17:04 PM On | US-101 N | Encino |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:19:06 PM On | US-101 N | Tarzana |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:21:06 PM On | US-101 N | Woodland Hills |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:23:06 PM On | US-101 N | Woodland Hills |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:25:06 PM On | US-101 S | Woodland Hills |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:27:06 PM On | US-101 N | Calabasas |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:29:06 PM On | US-101 N | Calabasas |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:31:08 PM On | US-101 N | Agoura Hills |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:33:10 PM On | US-101 N | Agoura Hills |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:35:10 PM On | CA-23 | Thousand Oaks |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:37:12 PM On | US-101 N | Westlake Village |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:39:14 PM On | US-101 N | Newbury Park |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:41:14 PM On | US-101 S | Newbury Park |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:43:14 PM On | US-101 N | Camarillo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:45:14 PM On | US-101 N | Camarillo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:47:16 PM On | US-101 N | Camarillo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:49:18 PM On | US-101 N | Oxnard |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:51:18 PM On | US-101 N | Oxnard |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:53:20 PM On | CA-1 N | Ventura |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:55:20 PM On | CA-1 N | Ventura |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:57:20 PM On | CA-1 N | Ventura |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 2:59:20 PM On | CA-1 N | Ventura |

| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:01:20 PM On | El Camino Real N | Ventura |
|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:03:20 PM On | El Camino Real N | Ventura |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:05:20 PM On | CA-1 | Ventura |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:07:20 PM On | Pacific Coast Hwy | Ventura |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:09:20 PM On | US-101 N | Carpinteria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:11:20 PM On | US-101 N | Carpinteria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:13:20 PM On | US-101 N | Carpinteria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:15:20 PM On | US-101 N | Summerland |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:17:20 PM On | US-101 N | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:19:20 PM On | US-101 N | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:21:20 PM On | US-101 N | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:23:20 PM On | 3995 State St | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:25:22 PM On | 1065 San Marcos Pass Rd | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:27:24 PM On | 1890 San Marcos Pass Rd | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:29:24 PM On | 2265 San Marcos Pass Rd | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:31:24 PM On | 2736 San Marcos Pass Rd | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:33:26 PM On | 6295 Chumash Hwy | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:35:26 PM On | 5303 Chumash Hwy | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:37:26 PM On | 4613 Chumash Hwy | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:39:26 PM On | 3331 Chumash Hwy | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:41:28 PM On | 2293 Chumash Hwy | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:43:28 PM On | 2049 Chumash Hwy | Santa Barbara |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:45:28 PM On | 1330 Chumash Hwy | Santa Ynez |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:47:30 PM On | 1373 Chumash Hwy | Santa Ynez |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:49:32 PM On | 1587 Chumash Hwy | Santa Ynez |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:51:32 PM On | 2554 Chumash Hwy | Santa Ynez |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:53:32 PM On | 3053 Chumash Hwy | Solvang |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:55:34 PM On | 2750 Chumash Hwy | Los Olivos |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:57:34 PM On | 3786 US Highway 101 | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 3:59:36 PM On | US Highway 101 | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:01:36 PM On | 9664 US Highway 101 | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:03:38 PM On | 220 Augusta St | Los Alamos |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:05:38 PM On | 220 Augusta St | Los Alamos |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:07:40 PM On | 220 Augusta St | Los Alamos |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:09:42 PM On | 598 Bell St | Los Alamos |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:11:44 PM On | Peppertree Ln | Los Alamos |

| | | | | |
|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:13:45 PM On | 8894 US Highway 101 | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:15:46 PM On | 8894 US Highway 101 | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:17:46 PM On | 8894 US Highway 101 | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:19:46 PM On | 8894 US Highway 101 | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:21:46 PM On | 8591 US Highway 101 | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:23:46 PM On | US Highway 101 | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:25:48 PM On | US-101 N | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:27:50 PM On | US-101 N | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:29:50 PM On | US-101 N | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:31:50 PM On | US-101 N | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:33:50 PM On | CA-166 E | Santa Maria |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:35:50 PM On | US-101 N | Nipomo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:37:50 PM On | US-101 N | Nipomo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:39:50 PM On | US-101 N | Nipomo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:41:50 PM On | US-101 N | Arroyo Grande |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:43:52 PM On | 2298 US Highway 101 | Arroyo Grande |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:45:54 PM On | El Camino Real N | Arroyo Grande |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:47:54 PM On | El Camino Real N | Pismo Beach |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:49:56 PM On | El Camino Real N | Pismo Beach |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:51:56 PM On | El Camino Real N | Pismo Beach |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:53:56 PM On | El Camino Real N | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:55:58 PM On | El Camino Real N | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 4:58:00 PM On | 12396 Los Osos Valley Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:00:02 PM On | 1598 Froom Ranch Way | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:02:04 PM On | 1599 Froom Ranch Way | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:04:04 PM On | 1599 Froom Ranch Way | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:06:04 PM On | 1599 Froom Ranch Way | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:07:21 PM Off | 1599 Froom Ranch Way | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:15:51 PM On | 1599 Froom Ranch Way | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:17:51 PM On | 1385 Froom Ranch Way | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:19:51 PM On | 1265 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:21:51 PM On | 1379 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:23:51 PM On | 1345 Laguna Ln | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:25:51 PM On | 1299 Vista del Lago | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:27:51 PM On | 923 Vista del Collados | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:29:51 PM On | 889 Vista del Collados | San Luis Obispo |

| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:30:18 PM Off | 907 Vista del Collados | San Luis Obispo |
|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:31:33 PM On | 907 Vista del Collados | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:33:33 PM On | 11051 Los Osos Valley Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:35:33 PM On | 1654 Dalidio Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:37:33 PM On | Dalidio | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 5:38:38 PM Off | 1522 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 6:26:03 PM On | 1522 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 6:27:41 PM Off | Dalidio | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 7:56:45 PM On | Dalidio | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 7:58:45 PM On | 1350 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:00:45 PM On | 1354 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:02:45 PM On | 1352 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:04:45 PM On | 1352 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:06:45 PM On | 1352 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:08:45 PM On | 1352 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:10:05 PM Off | 1348 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:26:38 PM On | 1348 Oceanaire Dr | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:28:38 PM On | Dalidio | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:30:19 PM Off | Dalidio | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:37:08 PM On | Dalidio | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:39:09 PM On | Dalidio | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:41:09 PM On | 273 Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:43:19 PM Off | 279 Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:52:03 PM On | 279 Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:54:04 PM On | 292 Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:56:04 PM On | 292 Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 8:58:04 PM On | 292 Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 9:00:04 PM On | 292 Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 9:02:04 PM On | 296 Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/22/21 9:02:25 PM Off | 296 Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/23/21 8:23:53 AM On | 296 Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/23/21 8:25:53 AM On | 292 Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/23/21 8:27:53 AM On | Madonna Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/23/21 8:29:53 AM On | 12111 Los Osos Valley Rd | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/23/21 8:31:53 AM On | 1599 Froom Ranch Way | San Luis Obispo |
| Unassigned | 3N63M0YNXFK6972 | 2/23/21 8:33:53 AM On | 1599 Froom Ranch Way | San Luis Obispo |

**Earnings Statement**

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| RN / Q8Q 20709995 | 01/ | 7201367 | 1 of 1 |

Corcorans Mobile Services Inc
13280 NW FREEWAY F412
Houston, TX 77040

**ADP**

| Period Starting: | 02/22/2021 |
|---|---|
| Period Ending: | 02/28/2021 |
| Pay Date: | 03/09/2021 |

Taxable Filing Status: Married
Exemptions/Allowances:
    Federal:    Std W/H Table
    State:      2
    Local:      0
Social Security Number: XXX-XX-

Tax Override:
    Federal:    0.00 Addnl
    State:
    Local:

**Adrian A Garcia**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 29.0000 | 77.75 | 2254.75 | 18059.75 |
| Bonus | | | 0.00 | 250.00 |
| Misc pay | | 0.00 | 75.00 | 75.00 |
| Gross Pay | | | $2,329.75 | $18,384.75 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -150.53 | 988.11 |
| Social Security | -144.44 | 1139.85 |
| Medicare | -33.78 | 266.58 |
| California State Income | -156.15 | 1133.28 |
| California State DI | -27.96 | 220.62 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| *ADP RS employee | -69.89 | 296.08 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Misc reimbursement | 0.00 | 100.00 |

| Net Pay | | $1,747.00 |
|---|---|---|

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 77.75 | 622.75 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7177 | XXXXXXXXX | 1747.00 |

Your federal taxable wages this period are  $2,259.86
* Excluded from Federal taxable wages

Corcorans Mobile Services Inc
13280 NW FREEWAY F412
Houston, TX 77040

Pay Date:        03/09/2021



| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX7177 | · XXXXXXXXX | 1747.00 |

EXHIBIT 4

8/19/21 1:40:26 PM CDT
10/26/20 12:00:00 AM
11/1/20 12:00:01 AM
12:00 AM-12:00 AM
HOWARD SILVA

GGW6318
1,212.8
No
All Landmarks

| Driver | VIN | Date | Ignition/Status | Address | City | State/Province |
|---|---|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:41:29 AM | On | | Apple Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:43:29 AM | On | | Apple Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:45:29 AM | On | 10440 Navajo Rd | Apple Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:47:29 AM | On | 11789 Navajo Rd | Apple Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:49:31 AM | On | 13063 Navajo Rd | Apple Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:51:33 AM | On | US Highway 18 | Apple Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:53:33 AM | On | US Highway 18 | Apple Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:55:35 AM | On | 17976 US Highway 18 | Apple Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:57:37 AM | On | 16954 S D St | Victorville | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:59:37 AM | On | 17055 National Trails Hwy | Victorville | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:01:37 AM | On | 14908 Air Expy | Victorville | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:03:37 AM | On | 13452 Air Expressway Blvd | Victorville | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:05:39 AM | On | 11752 Air Expy | Adelanto | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:07:39 AM | On | 19309 US Highway 395 | Adelanto | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:09:39 AM | On | 21041 US Highway 395 | Adelanto | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:11:39 AM | On | 22639 US Highway 395 | Adelanto | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:13:39 AM | On | 24386 US Highway 395 | Adelanto | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:15:41 AM | On | 26171 US Highway 395 | Adelanto | CA |

| | | | | | | |
|---|---|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:17:41 AM | On | 27429 US Highway 395 | Adelanto | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:19:43 AM | On | 29763 US Highway 395 | Adelanto | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:21:43 AM | On | 32007 US Highway 395 | Edwards | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:23:43 AM | On | 33907 US Highway 395 | Edwards | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:25:45 AM | On | 36449 US Highway 395 | Edwards | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:27:45 AM | On | 38685 US Highway 395 | Edwards | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:29:45 AM | On | 40587 US Highway 395 | Boron | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:31:45 AM | On | E State Highway 58 | Boron | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:33:47 AM | On | E State Highway 58 | Boron | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:35:49 AM | On | CA-58 W | Boron | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:37:49 AM | On | CA-58 W | Edwards | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:39:51 AM | On | CA-58 W | Edwards | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:41:51 AM | On | CA-58 W | Edwards | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:43:51 AM | On | CA-58 W | Edwards | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:45:51 AM | On | State Highway 58 | Edwards | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:47:51 AM | On | 7633 State Highway 58 | Mojave | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:49:53 AM | On | 2927 State Highway 58 | Mojave | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:51:53 AM | On | 1982 E Bishop Dr | Mojave | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:53:56 AM | On | State Highway 58 | Mojave | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:55:57 AM | On | State Highway 58 | Mojave | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:57:57 AM | On | CA-58 E | Mojave | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:59:57 AM | On | CA-58 W | Mojave | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:01:57 AM | On | CA-58 W | Tehachapi | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:03:57 AM | On | CA-58 W | Tehachapi | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:05:57 AM | On | CA-58 W | Tehachapi | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:07:59 AM | On | CA-58 W | Tehachapi | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:10:01 AM | On | CA-58 W | Tehachapi | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:12:01 AM | On | CA-58 W | Tehachapi | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:14:01 AM | On | CA-58 W | Tehachapi | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:16:01 AM | On | CA-58 E | Keene | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:18:01 AM | On | CA-58 W | Keene | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:20:01 AM | On | CA-58 W | Caliente | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:22:01 AM | On | CA-58 E | Arvin | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:24:01 AM | On | CA-58 W | Caliente | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:26:01 AM | On | CA-58 W | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:28:01 AM | On | CA-58 W | Bakersfield | CA |

| | | | | | |
|---|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:30:03 AM On | CA-58 W | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:32:05 AM On | CA-58 W | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:34:05 AM On | CA-58 W | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:36:07 AM On | CA-58 W | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:38:09 AM On | 3289 California Ave | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:40:09 AM On | 3298 Truxtun Ave | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:42:11 AM On | Westside Pkwy | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:44:11 AM On | Westside Pkwy | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:46:11 AM On | Westside Pkwy | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:48:13 AM On | 17944 Stockdale Hwy | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:50:15 AM On | 21344 Stockdale Hwy | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:52:15 AM On | 23482 Stockdale Hwy | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:54:15 AM On | 26882 Stockdale Hwy | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:56:17 AM On | 29567 Stockdale Hwy | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:58:19 AM On | 29555 Stockdale Hwy | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:00:20 AM On | 29555 Stockdale Hwy | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:02:20 AM On | 29531 Stockdale Hwy | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:04:20 AM On | I-5 N | Bakersfield | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:06:20 AM On | I-5 N | Buttonwillow | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:08:20 AM On | I-5 N | Buttonwillow | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:10:20 AM On | I-5 N | Buttonwillow | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:12:20 AM On | I-5 N | Buttonwillow | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:14:22 AM On | I-5 N | Lost Hills | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:16:24 AM On | I-5 N | Lost Hills | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:18:26 AM On | I-5 N | Lost Hills | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:20:26 AM On | I-5 N | Lost Hills | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:22:26 AM On | I-5 N | Lost Hills | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:24:26 AM On | I-5 N | Lost Hills | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:26:26 AM On | I-5 N | Lost Hills | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:28:26 AM On | I-5 N | Lost Hills | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:30:26 AM On | I-5 N | Kettleman City | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:32:26 AM On | I-5 N | Kettleman City | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:34:26 AM On | I-5 N | Kettleman City | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:36:28 AM On | I-5 N | Kettleman City | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:38:30 AM On | I-5 N | Kettleman City | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:40:30 AM On | I-5 N | Kettleman City | CA |

| | | | | | | |
|---|---|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:42:32 AM | On | I-5 N | Kettleman City | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:44:32 AM | On | I-5 N | Kettleman City | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:46:34 AM | On | I-5 N | Kettleman City | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:48:36 AM | On | I-5 N | Kettleman City | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:50:38 AM | On | I-5 N | Huron | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:52:40 AM | On | I-5 N | Huron | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:54:42 AM | On | I-5 N | Huron | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:56:42 AM | On | I-5 N | Huron | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:58:44 AM | On | I-5 N | Coalinga | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:00:44 AM | On | I-5 N | Coalinga | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:02:44 AM | On | I-5 N | Coalinga | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:04:44 AM | On | CA-33 N | Coalinga | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:06:44 AM | On | CA-33 N | Coalinga | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:08:44 AM | On | CA-33 N | Coalinga | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:10:46 AM | On | CA-33 N | Coalinga | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:12:48 AM | On | CA-33 N | Coalinga | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:14:50 AM | On | I-5 N | Mendota | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:16:50 AM | On | I-5 N | Mendota | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:18:50 AM | On | I-5 N | Mendota | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:20:52 AM | On | I-5 N | Mendota | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:22:52 AM | On | I-5 N | Mendota | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:24:53 AM | On | I-5 N | Mendota | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:26:53 AM | On | I-5 N | Firebaugh | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:28:53 AM | On | I-5 N | Mendota | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:30:53 AM | On | I-5 N | Firebaugh | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:32:53 AM | On | I-5 N | Firebaugh | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:34:53 AM | On | I-5 N | Firebaugh | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:36:53 AM | On | I-5 N | Firebaugh | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:38:53 AM | On | I-5 N | Firebaugh | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:40:53 AM | On | I-5 N | Firebaugh | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:42:53 AM | On | I-5 N | Los Banos | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:44:53 AM | On | I-5 N | Los Banos | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:46:53 AM | On | I-5 N | Los Banos | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:48:55 AM | On | I-5 N | Los Banos | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:50:57 AM | On | I-5 N | Los Banos | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:52:59 AM | On | I-5 N | Los Banos | CA |

| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:54:59 AM On | I-5 N | Gustine | CA |
|---|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:56:59 AM On | I-5 N | Gustine | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:58:59 AM On | I-5 N | Gustine | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:01:01 AM On | 32975 Sullivan Rd | Gustine | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:03:01 AM On | 32924 Sullivan Rd | Gustine | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:05:02 AM On | 32989 Sullivan Rd | Gustine | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:07:03 AM On | I-5 N | Newman | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:09:05 AM On | I-5 N | Newman | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:11:07 AM On | I-5 N | Newman | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:13:09 AM On | I-5 N | Newman | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:15:11 AM On | I-5 N | Patterson | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:17:13 AM On | I-5 N | Patterson | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:19:15 AM On | I-5 N | Patterson | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:21:15 AM On | I-5 N | Patterson | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:23:15 AM On | I-5 N | Patterson | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:25:16 AM On | I-5 N | Patterson | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:27:16 AM On | I-580 W | Tracy | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:29:16 AM On | I-580 W | Tracy | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:31:16 AM On | I-580 W | Tracy | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:33:16 AM On | I-580 W | Tracy | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:35:16 AM On | I-580 W | Tracy | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:37:16 AM On | I-580 W | Tracy | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:39:16 AM On | I-580 W | Tracy | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:41:16 AM On | I-580 W | Livermore | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:43:16 AM On | I-580 W | Livermore | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:45:16 AM On | I-580 W | Livermore | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:47:16 AM On | I-580 W | Livermore | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:49:16 AM On | I-580 W | Livermore | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:51:16 AM On | I-580 W | Livermore | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:53:16 AM On | I-580 W | Dublin | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:55:18 AM On | I-580 W | Pleasanton | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:57:18 AM On | I-580 W | Pleasanton | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 10:59:20 AM On | I-580 W | Castro Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:01:20 AM On | I-580 W | Castro Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:03:20 AM On | I-580 W | Castro Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:05:20 AM On | I-580 W | San Leandro | CA |

| | | | | | | |
|---|---|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:07:22 AM | On | I-580 W | Oakland | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:09:22 AM | On | Edwards Ave | Oakland | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:11:24 AM | On | Maple Ave | Oakland | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:13:24 AM | On | I-580 W | Oakland | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:15:26 AM | On | I-580 W | Emeryville | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:17:26 AM | On | Eastshore Fwy E | Berkeley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:19:28 AM | On | I-580 W | Berkeley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:21:28 AM | On | I-580 W | Richmond | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:23:28 AM | On | I-580 W | Richmond | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:25:28 AM | On | I-580 W | West Contra Costa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:27:30 AM | On | I-580 E | Ross Valley | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:29:30 AM | On | I-580 W | San Rafael | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:31:30 AM | On | Redwood Hwy | San Rafael | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:33:32 AM | On | Redwood Hwy | San Rafael | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:35:34 AM | On | Redwood Hwy | San Rafael | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:37:36 AM | On | Redwood Hwy S | Novato | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:39:38 AM | On | Redwood Hwy S | Novato | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:41:38 AM | On | Redwood Hwy S | Novato | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:43:40 AM | On | Redwood Hwy N | Novato | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:45:42 AM | On | Redwood Hwy N | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:47:42 AM | On | CA-116 W | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:49:42 AM | On | CA-116 W | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:51:43 AM | On | CA-116 E | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:53:44 AM | On | CA-116 E | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:55:46 AM | On | Redwood Hwy N | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:57:46 AM | On | 5018 Commerce Blvd | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 11:59:48 AM | On | 4623 Redwood Dr | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 12:00:05 PM | Off | 4623 Redwood Dr | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 12:10:46 PM | On | 4623 Redwood Dr | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 12:12:46 PM | On | 5505 Redwood Dr | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 12:14:46 PM | On | 6299 Redwood Dr | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 12:16:46 PM | On | 41 Helman Ln | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 12:18:57 PM | Off | 398 Blodgett St | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 3:53:52 PM | On | 398 Blodgett St | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 3:55:52 PM | On | 362 Blodgett St | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 3:57:52 PM | On | Redwood Hwy S | Cotati | CA |

| | | | | | | |
|---|---|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 3:59:52 PM | On | Rohnert Park Expy W | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:01:52 PM | On | Raleys Towne Ctr | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:02:08 PM | Off | Raleys Towne Ctr | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:09:44 PM | On | Raleys Towne Ctr | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:11:45 PM | On | Raleys Towne Ctr | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:13:45 PM | On | 6459 State Farm Dr | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:15:47 PM | On | Rohnert Park Expy | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:17:47 PM | On | Rohnert Park Expy W | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:19:49 PM | On | 6631 Redwood Dr | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:21:51 PM | On | 346 Blodgett St | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:23:37 PM | Off | 398 Blodgett St | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:48:14 PM | On | 398 Blodgett St | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:50:15 PM | On | 348 Blodgett St | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:52:15 PM | On | 7017 Redwood Dr | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:54:15 PM | On | Rohnert Park Expy | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:56:15 PM | On | 6354 Commerce Blvd | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 4:58:15 PM | On | 6354 Commerce Blvd | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:00:16 PM | On | 6354 Commerce Blvd | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:02:16 PM | On | 6381 Commerce Blvd | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:03:46 PM | Off | 6547 Commerce Blvd | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:08:35 PM | On | 6547 Commerce Blvd | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:10:36 PM | On | 6339 Commerce Blvd | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:12:36 PM | On | Rohnert Park Expy | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:14:36 PM | On | Redwood Hwy N | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:16:36 PM | On | Redwood Hwy N | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:18:36 PM | On | 201 Hearn Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:20:38 PM | On | 201 Hearn Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:22:39 PM | On | Santa Rosa Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:24:39 PM | On | 2629 Santa Rosa Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:26:39 PM | On | 296 Yolanda Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:28:39 PM | On | 285 Yolanda Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:30:39 PM | On | Santa Rosa Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:32:52 PM | Off | 296 Yolanda Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:51:50 PM | On | 296 Yolanda Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:53:50 PM | On | 2769 Santa Rosa Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:55:10 PM | Off | 440 Court St | Santa Rosa | CA |

| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:57:21 PM On | 440 Court St | Santa Rosa | CA |
|---|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 5:59:22 PM On | 448 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:01:22 PM On | 448 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:03:22 PM On | 448 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:05:22 PM On | 448 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:07:22 PM On | 448 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:09:24 PM On | 448 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:11:24 PM On | 448 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:13:24 PM On | 448 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:15:25 PM On | 448 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:17:25 PM On | 448 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:19:25 PM On | 448 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:21:25 PM On | 440 Court St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:23:25 PM On | 2787 Santa Rosa Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:25:25 PM On | 2632 Santa Rosa Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:27:25 PM On | Redwood Hwy N | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:29:25 PM On | 2117 Armory Dr | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:31:25 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:31:52 PM Off | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:40:07 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:42:08 PM On | 2214 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:44:08 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:46:08 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:48:08 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:50:08 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:52:09 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:54:09 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:56:09 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 6:58:09 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:00:11 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:02:11 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:04:12 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:06:12 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:08:12 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:10:12 PM On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:12:12 PM On | Redwood Hwy S | Santa Rosa | CA |

| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:14:14 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:16:14 PM | On | Redwood Hwy S | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:18:15 PM | On | Redwood Hwy S | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:20:15 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:22:15 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:24:15 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:26:16 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:28:16 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:30:16 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:32:16 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:34:17 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:36:17 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:38:17 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:40:17 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:42:17 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:44:19 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:46:20 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:48:20 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:50:20 PM | On | 2220 Cleveland Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:52:20 PM | On | 1007 Steele Ln | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:54:20 PM | On | Redwood Hwy S | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:56:20 PM | On | Redwood Hwy S | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 7:58:20 PM | On | Redwood Hwy S | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:00:20 PM | On | Redwood Hwy S | Rohnert Park | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:02:20 PM | On | CA-116 E | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:04:20 PM | On | CA-116 W | Penngrove | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:06:20 PM | On | CA-116 E | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:08:20 PM | On | E Washington St | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:10:20 PM | On | 206 S McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:12:20 PM | On | 178 S McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:14:20 PM | On | 206 S McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:16:20 PM | On | 178 S McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:18:22 PM | On | 1300 E Washington St | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 8:19:54 PM | Off | 1300 E Washington St | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:33:21 PM | On | 1300 E Washington St | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:35:21 PM | On | 396 S McDowell Blvd | Petaluma | CA |

| | | | | | | |
|---|---|---|---|---|---|---|
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:37:23 PM On | | 205 S McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:39:25 PM On | | 205 S McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:41:27 PM On | | 213 N McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:43:27 PM On | | 178 N McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:45:28 PM On | | 178 N McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:47:28 PM On | | 178 N McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:49:28 PM On | | 178 N McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:51:28 PM On | | 178 N McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:53:28 PM On | | 1319 McNeil Ave | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:55:28 PM On | | 1300 E Washington St | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/26/20 9:55:55 PM Off | | 1300 E Washington St | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 8:47:00 AM On | | 1300 E Washington St | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 8:49:00 AM On | | S McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 8:51:00 AM On | | 99 N McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 8:53:00 AM On | | 101 N McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 8:55:00 AM On | | 101 N McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 8:57:00 AM On | | 101 N McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 8:59:02 AM On | | 99 N McDowell Blvd | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:01:02 AM On | | CA-116 W | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:03:02 AM On | | CA-116 W | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:05:02 AM On | | CA-116 E | Petaluma | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:07:02 AM On | | Redwood Hwy N | Cotati | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:09:04 AM On | | Redwood Hwy N | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:11:04 AM On | | Redwood Hwy N | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:13:04 AM On | | 499 5th St | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:15:04 AM On | | Redwood Hwy N | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:17:06 AM On | | 133 Joan Way | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:19:06 AM On | | 405 Devera Way | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:21:08 AM On | | 405 Devera Way | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:23:08 AM On | | 3078 Mendocino Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:23:24 AM Off | | 3078 Mendocino Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:28:23 AM On | | 3078 Mendocino Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 9:30:34 AM Off | | 405 Devera Way | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 10:08:48 AM On | | 405 Devera Way | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 10:10:49 AM On | | 3577 Mendocino Ave | Santa Rosa | CA |
| Unassigned | 3N63M0YNXFK6972 | 10/27/20 10:12:49 AM On | | Redwood Hwy N | Santa Rosa | CA |

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| RN7Q8Q 20709995 | 01/ | 6865436 | 1 of 1 |

Corcorans Mobile Services Inc
13280 NW FREEWAY F412
Houston, TX 77040

**Earnings Statement**

**ADP**

Period Starting:     10/26/2020
Period Ending:      11/01/2020
Pay Date:             11/10/2020

Taxable Filing Status: Married
Exemptions/Allowances:
   Federal:      Std W/H Table
   State:         2
   Local:         0
Social Security Number: XXX-XX-

Tax Override:
   Federal:      0.00 Addnl
   State:
   Local:

**Adrian A Garcia**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 29.0000 | 84.00 | 2436.00 | 50880.50 |
| Misc pay | | | 0.00 | 766.00 |
| Gross Pay | | | $2,436.00 | $51,646.50 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -192.15 | 7633.57 |
| Social Security | -151.03 | 3202.08 |
| Medicare | -35.32 | 748.87 |
| California State Income | -175.21 | 2368.23 |
| California State DI | -24.36 | 354.36 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| Miscellaneous | 0.00 | 1399.99 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Misc reimbursement | 0.00 | 100.00 |

| Net Pay | $1,857.93 |
|---|---|

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 84.00 | 1754.50 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7177 | XXXXXXXXX | 1857.93 |

Your federal taxable wages this period are  $2,436.00
* Excluded from Federal taxable wages

Corcorans Mobile Services Inc
13280 NW FREEWAY F412
Houston, TX 77040

Pay Date:          11/10/2020

THIS IS NOT CHECK

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX7177 | XXXXXXXXX | 1857.93 |

# EXHIBIT 5

# J.B. Twomey Law

7056 Archibald Street, Suite 102-452 • Corona, California 92880

Email: jb@jbtwomeylaw.com

Phone: 310.980.6357

Facsimile: 818.937.6897

May 12, 2021

**SENT VIA FIRST CLASS CERTIFIED MAIL:**
Corcoran's Mobile Services, Inc. d/b/a CMS Fleet Services
13280 Northwest FWY, Suite F412
Houston, Texas 77040

> Re:   ***California Labor Code Private Attorneys General Act of 2004* Notice**
> *Adrian Garcia v. Corcoran's Mobile Services, Inc. d/b/a CMS Fleet Services*
> LWDA Case No.:  Unassigned
> Superior / Federal Court Case No.:  Unassigned

To whom it may concern:

This Notice is made and served pursuant to the *California Labor Code Private Attorneys General Act of 2004,* codified in *California Labor Code 2698, et seq.* (hereinafter referred to as "PAGA").   Adrian Garcia (hereinafter to as "Plaintiff"), on behalf of himself, the State of California, and on behalf of any and all other current and former non-exempt employees of Corcoran's Mobile Services, Inc. d/b/a CMS Fleet Services; Ronald J. Corcoran; and DOES 1 through 25 (hereinafter collectively referred to as "Defendant") is informed and believes and thereon alleges, Defendant has and is violating, or owes civil penalties pursuant to the following *California Labor Code* sections: 1197; 1182.12; 1194; 1194.2; 1197.1; 510; 204; 210; 512; 226.7; 226; 226.3; 226.2; 2802; 1198; 1199; 558; 1174; 1174.5; 201; 202; 203; 208; 558.1; and 2699(f)(2).   Moreover, Defendant has and is violating, IWC Wage Order Number 4-2001 (*California Code Regs.* tit. 8 § 11040, subd. 14(A)-(B)).

Defendant is a mobile repair company headquartered in Houston, Texas.   According to Defendant's website, Defendant has "developed relationships and currently maintain vehicles for multiple Fortune 500 Companies." Defendant "operates in 48 states, serving local and national accounts 24 hours a day – 365 days a year."   Defendants operates in all areas of California, including Los Angeles County.

Plaintiff implores the Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and Defendant alike to investigate every aspect of the herein detailed violations, and any others that may exist, as they pertain to Plaintiff and any and all of Defendant's current and former non-exempt California employees.   Hereinafter, any and all of Defendant's current and former non-exempt California employees, including Plaintiff, working at, or out of, any and all California locations are collectively referred to as "Aggrieved Employees."   And Plaintiff, as well

1

as, any and all Aggrieved Employees were, and are being subjected to, *inter alia*, Defendant's herein-described violations.

Plaintiff is informed and believes and based thereupon alleges that at all relevant times herein mentioned each Defendant and Does 1 through 25, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal representative, general administrator, member, co-conspirator, co-employer, integrated enterprise and/or joint venturer or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendants has ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of its agents, employees, predecessor-in-interest, successor-in-interest, trustees, trustors, and/or representatives, and that each actively, passively, acquiesced, participated in, allowed, aided and abetted, assisted, acted, or failed to act, with one another in the commission of the wrongdoing alleged in this notice.

## FACTS

Plaintiff was hired by Defendant in or around January 2019 as a non-exempt mechanic, servicing The Home Depot. Plaintiff was required to travel throughout all areas of California, Arizona and Nevada, performing maintenance on The Home Depot's vehicle fleet. Plaintiff resigned his employment with Defendants on or around April 5, 2021 because he was working too many hours without lawful pay.

During the entirety of Plaintiff's employment with Defendant, Plaintiff worked seven (7) days per week, sixteen (16) hours per day. Plaintiff's workdays consisted of, including but not limited, (1) driving throughout California to and from The Home Depot's various stores, (2) calling the various The Home Depot stores to schedule the service appointments, (3) performing mechanical services to The Home Depots vehicle fleets, (4) removing and dumping old oil from the various The Home Depot stores he serviced, (5) compiling necessary supplies to perform his mechanical duties, and (6) responding to emails, text messages and phone calls from Defendant.

For the above-described duties, and all duties Plaintiff performed while employed by Defendant, Defendant compensated Plaintiff via a piece-rate scheme that did not include payment for any time that Plaintiff spent not servicing vehicles. Stated otherwise, Defendant never paid Plaintiff for the time he was under Defendant's control (*i.e.*, "other nonproductive time"), including but not limited to, drive time, calling The Home Depot stores, removing and dumping old oil from the stores, compiling necessary supplies to perform his mechanical duties, and responding to emails, text messages and phone calls from Defendant or his rest and/or recovery periods. Thus, based on the number of actual hours Plaintiff was working, including nonproductime time, Defendant failed to pay Plaintiff California's prevailing minimum wage and all overtime wages that he earned. Defendant also failed to pay Plaintiff for his rest and recovery periods. Similarly, Defendant never made meal or rest periods available to Plaintiff, and despite these failures never paid Plaintiff the one hour of wage at his regular rate of compensation for the not-provided meal and rest periods. As a result of the foregoing, Defendant failed to furnish Plaintiff itemized wage statements showing Plaintiff's accurate gross and net wages, the number of hours worked and the rate associated with those hours, including nonproductive time, the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

Also as a result of Defendant's herein-described unlawful company-wide policies, Plaintiff and all Aggrieved Employees were/are not paid all wages they earn twice during a calendar month, and Defendant willfully fails/ed to pay Plaintiff and any Aggrieved Employees that resign/ed or are terminated all wages that they were earned and owing at the end of their employment. Defendant also fails/ed to keep payroll records showing all the hours worked daily by Plaintiff and the wages paid to him.

Additionally, during the entirety of Plaintiff's employment with Defendant, Plaintiff incurred expenses discharging his duties for, or at the direction of, Defendant, including but not limited the use of his internet and cellular phone service in order to carry out Defendant's business.

Finally, Defendants agreed to pay Plaintiff an additional $150.00 per month for choosing not to be covered by the medical insurance offered by Defendant to all Defendant's California employees. However, Defendant breached this agreement by never paying Plaintiff an additional $150.00 per month.

Plaintiff is informed and believes and thereon alleges that any and all other current and former non-exempt California employees of Defendant, including non-exempt employees other than those in Plaintiff's specific department, or specific location, *i.e.*, Aggrieved Employees, were also subjected to all of Defendant's *California Labor Code* violations set forth herein. During all relevant pay periods, Plaintiff and all Aggrieved Employees were paid weekly, thus, had weekly pay periods, and the herein-described violations took place during each and every pay period worked by Plaintiff and all Aggrieved Employees during all relevant pay periods.

Plaintiff on behalf of Plaintiff and on behalf of the State of California and any and all Aggrieved Employees seeks *California Labor Code* section 2699, *et seq.* penalties and any and all other civil penalties available to Plaintiff, Aggrieved Employees and the State of California as a result of Defendant's various violations of the *California Labor Code* and IWC Wage Order set forth herein.

## **DEFENDANT'S VIOLATIONS**

**I.**   **Defendant's Violations of *California Labor Code* Sections 1197, 1182.12, 1194, and 1194.2, Thus, Liability for Penalties Pursuant to Section 1197.1.**

   a.   *California Labor Code* Sections 1197, 1182.12, 1194, 1194.2 and 1197.1.

Under *California Labor Code* Section 1197:

> The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

*Cal. Labor Code* § 1197.

Under *California Labor Code* Section 1182.12:

Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour.

*Cal. Labor Code* § 1182.12.

Under *California Labor Code* Section 1194(a):

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

*Cal. Labor Code* § 1194(a).

Under *California Labor Code* Section 1194.2(a):

In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation. A suit may be filed for liquidated damages at any time before the expiration of the statute of limitations on an action for wages from which the liquidated damages arise.

*Cal. Labor Code* § 1194.2(a).

Under *California Labor Code* Section 1197.1(a):

Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 . . . .

*Cal. Labor Code* § 1197.1(a).

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to

Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

*Id.* at (a)(1)-(2).

      b.  <u>Facts and Theories Supporting Defendant's Violation of *California Labor Code* Sections 1197, 1182.12, 1194, and 1194.2, Thus, Liability for Penalties Pursuant to Section 1197.1.</u>

During the entirety of Plaintiff's employment with Defendant, Plaintiff worked seven (7) days per week, sixteen (16) hours per day. Plaintiff's workdays consisted of, including but not limited, (1) driving throughout California to and from The Home Depot's various stores, (2) calling the various The Home Depot stores to schedule the service appointments, (3) performing mechanical services to The Home Depots vehicle fleets, (4) removing and dumping old oil from the various The Home Depot stores he serviced, (5) compiling necessary supplies to perform his mechanical duties, and (6) responding to emails, text messages and phone calls from Defendant. For the above-described duties, and all duties Plaintiff performed while employed by Defendant, Defendant compensated Plaintiff via a piece-rate scheme that did not include payment for any time that Plaintiff spent not servicing vehicles. Stated otherwise, Defendant never paid Plaintiff for the time he was under Defendant's control (*i.e.*, "other nonproductive time"), including but not limited to, drive time, calling The Home Depot stores, removing and dumping old oil from the stores, compiling necessary supplies to perform his mechanical duties, and responding to emails, text messages and phone calls from Defendant or his rest and/or recovery periods. Thus, based on the number of actual hours Plaintiff was working, including nonproductive time, Defendant failed to pay Plaintiff California's prevailing minimum wage and all overtime wages that he earned. Defendant also failed to pay Plaintiff for his rest and recovery periods. Similarly, Defendant never made meal or rest periods available to Plaintiff, and despite these failures never paid Plaintiff the one hour of wage at his regular rate of compensation for the not-provided meal and rest periods. As a result of the foregoing, Defendant failed to furnish Plaintiff itemized wage statements showing Plaintiff's accurate gross and net wages, the number of hours worked and the rate associated with those hours, including nonproductive time, the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period. Plaintiff is informed and believes and thereon alleges that that during all relevant pay periods, any and all Aggrieved Employees also were not paid California's prevailing minimum wage. To date, Defendant, in violation of *California Labor Code* Sections 1197, 1182.12, 1194, 1194.2, and 1197.1 has not paid Plaintiff the prevailing minimum wage for all hours he worked, the liquidated damages pursuant to Section 1194.2, or civil penalties owing. Plaintiff is informed and believes and thereon alleges that to date, and during all relevant pay periods, Defendant, in violation of *California Labor Code* Sections 1197, 1194, 1194.2, and 1197.1, has failed to all Aggrieved Employees the prevailing minimum wage for all hours they worked, the liquidated damages pursuant to Section 1194.2, or civil penalties owing. To be clear, the Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Sections 1197, 1194, 1199, 1197.1, and provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1182.12 and 1194.2.

II.    **Defendant's Violations of *California Labor Code* Section 510, Thus, Liability for Penalties Pursuant to Section 1197.1.**

     a.    *California Labor Code* Section 510.

Under *California Labor Code* Section 510(a):

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

Under *California Labor Code* Section 1197.1(a):

> Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 . . . .

*Cal. Labor Code* **§** 1197.1(a).

> (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.
> (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

*Id.* at (a)(1)-(2).

     b.    Facts and Theories Supporting Defendant's Violations of *California Labor Code* Section 510.

During the entirety of Plaintiff's employment with Defendant, Plaintiff worked seven (7) days per week, sixteen (16) hours per day. Plaintiff's workdays consisted of, including but not limited, (1) driving throughout California to and from The Home Depot's various stores, (2) calling the various The Home Depot stores to schedule the service appointments, (3) performing mechanical services to The Home Depots vehicle fleets, (4) removing and dumping old oil from the various The Home Depot stores he serviced, (5) compiling necessary supplies to perform his mechanical duties, and (6) responding to emails, text messages and phone calls from Defendant. For the above-described duties, and all duties Plaintiff performed while employed by Defendant, Defendant compensated Plaintiff via a piece-rate scheme that did not include payment for any time that Plaintiff spent not servicing

vehicles. Stated otherwise, Defendant never paid Plaintiff for the time he was under Defendant's control (*i.e.*, "other nonproductive time"), including but not limited to, drive time, calling The Home Depot stores, removing and dumping old oil from the stores, compiling necessary supplies to perform his mechanical duties, and responding to emails, text messages and phone calls from Defendant or his rest and/or recovery periods. Thus, based on the number of actual hours Plaintiff was working, including nonproductive time, Defendant failed to pay Plaintiff California's prevailing minimum wage and all overtime wages that he earned. Defendant also failed to pay Plaintiff for his rest and recovery periods. Similarly, Defendant never made meal or rest periods available to Plaintiff, and despite these failures never paid Plaintiff the one hour of wage at his regular rate of compensation for the not-provided meal and rest periods. As a result of the foregoing, Defendant failed to furnish Plaintiff itemized wage statements showing Plaintiff's accurate gross and net wages, the number of hours worked and the rate associated with those hours, including nonproductive time, the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period. Plaintiff is informed and believes and thereon alleges that that during all relevant pay periods, any and all Aggrieved Employees also worked hours in excess of eight (8) and twelve (12) hours in any one day, and forty (40) in any one week, in excess of eight (8) on a seventh day, and that, Defendant, in violation of *California Labor Code* Section 510. To date, and during all relevant pay periods, Defendant, in violation of *California Labor Code* Section 510, has not paid Plaintiff for the overtime hours he worked. Plaintiff is informed and believes and thereon alleges that to date, Defendant, in violation of *California Labor Code* Section 510 and 204.3, has not paid any and all Aggrieved Employees for the overtime hours they worked, nor gave them time off as required by law. To be clear, the Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 510.

### III.  Defendant's Violations of *California Labor Code* Section 204, Thus, Liability for Penalties Pursuant to Section 210.

  a.  *California Labor Code* Sections 204 and 210.

"All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." *California Labor Code* Section 204.

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

*California Labor Code* § 210.

///

///

7

b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 204, Thus, Liability for Penalties Pursuant to Section 210.

As set forth herein, in violation of Section 204, Defendant during all relevant pay periods, failed to pay all wages earned by Plaintiff pursuant to *California Labor Code* sections 1197, 1182.12, 1194, and 510 twice during each calendar month. Plaintiff is informed and believes and thereon alleges that Defendant also failed to pay any and all Aggrieved Employees all wages earned twice during each calendar month. And, thus, Defendant owes civil penalties pursuant to Section 210. To be clear, the Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 204 and provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 210.

## IV.    Defendant's Violations of *California Labor Code* Sections 512 and 226.7.

a. *California Labor Code* Section 512.

Under *California Labor Code* Section 512(a):

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Under *California Labor Code* Section 226.7(c):

If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Sections 512 and 226.7.

Defendant never made meal or rest periods available to Plaintiff, and despite these failures never paid Plaintiff the one hour of wage at his regular rate of compensation for the not-provided meal and rest periods. As a result of the foregoing, Defendant failed to furnish Plaintiff itemized wage statements showing Plaintiff's accurate gross and net wages, the number of hours worked and the rate

associated with those hours, including nonproductive time, the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period. Plaintiff is informed and believes and thereon alleges that during all relevant pay periods, any and all Aggrieved Employees also were not provided meal periods and also not paid an hour at their regular rate of pay when they were not provided a meal period. To date, Defendant, in violation of *California Labor Code* sections 512 and 226.7(c), has not paid Plaintiff one additional hour of pay at his regular rate of compensation for each workday that his meal period was not provided. Plaintiff is informed and believes and thereon alleges that to date, Defendant, in violation of *California Labor Code* section 512 and 226.7(c), has not paid any and all Aggrieved Employees one additional hour of pay at their regular rate of compensation for each workday that their meal period was not provided. To be clear, the Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 512.

**V. Defendant's Violations of *California Labor Code* Section 226.7.**

    a. *California Labor Code* Section 226.7.

Under *California Labor Code* Section 226.7(b):

> An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

Pursuant to the *California Labor Code* and Wage Order 4-2001, employees are entitled to a rest period of not less than ten (10) minutes for each consecutive four (4) hour shift worked or major fraction thereof.

Under *California Labor Code* Section 226.7(c), "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

    b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 226.7.

Defendant never made meal or rest periods available to Plaintiff, and despite these failures never paid Plaintiff the one hour of wage at his regular rate of compensation for the not-provided meal and rest periods. As a result of the foregoing, Defendant failed to furnish Plaintiff itemized wage statements showing Plaintiff's accurate gross and net wages, the number of hours worked and the rate associated with those hours, including nonproductive time, the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period. Plaintiff is informed and believes and thereon alleges that during all relevant pay periods, any and all Aggrieved Employees also were not provided rest periods and also not paid an hour at

their regular rate of pay when they were not provided a rest period. To date, Defendant, in violation of *California Labor Code* Section 226.7(c), has not paid Plaintiff one additional hour of pay at his regular rate of compensation for each workday that both or either of his meal or rest periods were not provided. Plaintiff is informed and believes and thereon alleges that to date, Defendant, in violation of *California Labor Code* Section 226.7(c), has not paid any and all Aggrieved Employees one additional hour of pay at their regular rate of compensation for each workday that both or either of their meal or rest periods were not provided. To be clear, the Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 226.7.

## VI.    Defendant's Violations of *California Labor Code* Section 226, Thus, Liability for Penalties Pursuant to Section 226.3.

a.    *California Labor Code* Section 226 and 226.3.

Under *California Labor Code* Section 226(a):

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employees wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, copy includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

*Cal. Lab. Code* § 226(a).

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

*Cal. Lab. Code* § 226.3.

> b. <u>Facts and Theories Supporting Defendant's Violations of *California Labor Code* Section 226, Thus, Liability for Penalties Pursuant to Section 226.3.</u>

For all duties Plaintiff performed while employed by Defendant, Defendant compensated Plaintiff via a piece-rate scheme that did not include payment for any time that Plaintiff spent not servicing vehicles. Stated otherwise, Defendant never paid Plaintiff for the time he was under Defendant's control (*i.e.*, "other nonproductive time"), including but not limited to, drive time, calling The Home Depot stores, removing and dumping old oil from the stores, compiling necessary supplies to perform his mechanical duties, and responding to emails, text messages and phone calls from Defendant or his rest and/or recovery periods. Thus, based on the number of actual hours Plaintiff was working, including nonproductime time, Defendant failed to pay Plaintiff California's prevailing minimum wage and all overtime wages that he earned. Defendant also failed to pay Plaintiff for his rest and recovery periods. Similarly, Defendant never made meal or rest periods available to Plaintiff, and despite these failures never paid Plaintiff the one hour of wage at his regular rate of compensation for the not-provided meal and rest periods. As a result of the foregoing, Defendant failed to furnish Plaintiff itemized wage statements showing Plaintiff's accurate gross and net wages, the number of hours worked and the rate associated with those hours, including nonproductive time, the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period. Plaintiff is informed and believes and thereon alleges that during all relevant pay periods, any and all Aggrieved Employees also were not provided accurate itemized payroll statements. Thus, for all relevant pay periods, Defendant was in violation of *California Labor Code* Section 226 for failing to provide Plaintiff and any and all Aggrieved Employees itemized statements. Thus, Defendant is subject to the civil penalty found in Section 226.3 in addition to any other penalty provided by law. To be clear, the Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to paragraphs (1) through (5), inclusive, (7) and (9) of subdivision (a) of *California Labor Code* Section 226 and subdivision (c) applies to 226.3.

## VII.   **Defendant's Violations of *California Labor Code* Section 226.2.**

> a. *California Labor Code* Section 226.2.

Under *California Labor Code* Section 226.2:

Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

(2) The itemized statement required by underline subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of underline Section 226 shall also be applicable:

(A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

(B) Except for employers paying compensation for other nonproductive time in accordance with paragraph (7), the total hours of other nonproductive time, as determined under paragraph (5), the rate of compensation, and the gross wages paid for that time during the pay period.

*California Labor Code* Section 226.2.

> b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 226.2.

For all duties Plaintiff performed while employed by Defendant, Defendant compensated Plaintiff via a piece-rate scheme that did not include payment for any time that Plaintiff spent not servicing vehicles. Stated otherwise, Defendant never paid Plaintiff for the time he was under Defendant's control (*i.e.*, "other nonproductive time"), including but not limited to, drive time, calling The Home Depot stores, removing and dumping old oil from the stores, compiling necessary supplies to perform his mechanical duties, and responding to emails, text messages and phone calls from Defendant or his rest and/or recovery periods. Thus, based on the number of actual hours Plaintiff was working, including nonproductive time, Defendant failed to pay Plaintiff California's prevailing minimum wage and all overtime wages that he earned. Defendant also failed to pay Plaintiff for his rest and recovery periods. Similarly, Defendant never made meal or rest periods available to Plaintiff, and despite these failures never paid Plaintiff the one hour of wage at his regular rate of compensation for the not-provided meal and rest periods. As a result of the foregoing, Defendant failed to furnish Plaintiff itemized wage statements showing Plaintiff's accurate gross and net wages, the number of hours worked and the rate associated with those hours, including nonproductive time, the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period. Plaintiff is informed and believes and thereon alleges that during all relevant pay periods, any and all Aggrieved Employees also were not provided accurate itemized payroll statements. Thus, for all relevant pay periods, Defendant was in violation of *California Labor Code* Section 226.2 for failing to provide Plaintiff and any and all Aggrieved Employees itemized statements. Thus, Defendant is subject to the civil penalty found in Section 226.3 in addition to any other penalty provided by law. To be clear, the Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to 226.2 and 226.3.

## VIII. Defendant's Violations of *California Labor Code* Section 2802, Thus, Liability for Penalties Pursuant to Section 1197.1.

> a. *California Labor Code* Sections 2802 and 1197.1.

*California Labor Code* section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Section 2802 further states:

> All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

*Id*. at (b).

Also, Section 2802 states: "For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." *Id*. at 2802(c).

Section 2802 further states:

> In addition to recovery of penalties under this section in a court action or proceedings pursuant to Section 98, the commissioner may issue a citation against an employer or other person acting on behalf of the employer who violates reimbursement obligations for an amount determined to be due to an employee under this section. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the commissioner shall be the same as those set forth in Section 1197.1. Amounts recovered pursuant to this section shall be paid to the affected employee.

*Id*. at (d).

Under *California Labor Code* Section 1197.1(a):

> Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 . . . .

*Cal. Labor Code* **§** 1197.1(a).

> (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount

13

sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

*Id*. at (a)(1)-(2).

    b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 2802, Thus, Liability for Penalties Pursuant to Section 1197.1.

During the entirety of Plaintiff's employment with Defendant, Plaintiff incurred expenses discharging his duties for, or at the direction of, Defendant, including but not limited the use of his internet and cellular phone service in order to carry out Defendant's business. Plaintiff is informed and believes and thereon alleges that during all relevant pay periods, any and all Aggrieved Employees also were not, and to this date, have not been indemnified for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendant, including but not limited to their use of their internet and cellular services to discharge the duties set forth by Defendant. Thus, for all relevant pay periods, Defendant was and still is, in violation of *California Labor Code* Section 2802 for failing to indemnify Plaintiff and any and all Aggrieved Employees for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or of their obedience to the directions of the Defendant. To be clear, the Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 2802. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1197.1.

**IX.    Defendant's Violations of *California Labor Code* Section 1198.**

    a. *California Labor Code* Section 1198.

*California Labor Code* section 1198 provides that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

    b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 1198.

As set forth herein, during all relevant pay periods, Defendant continuously violated the standard and conditions of labor fixed by the commission, including but not limited to its violations of *California Labor Code* sections 1197, 1182.12, 1194, 1194.2, 1197.1, 1199, 510, 512, 226.7, 1182.8 and the applicable IWC Wage Order. These violations were against Plaintiff and any and all Aggrieved Employees. Thus, Defendant was and is in violation of *California Labor Code* Section 1198 for continuously violating the standard conditions of labor fixed by the commission. To be clear, the Labor and Workforce Development Agency and Defendant should investigate this

violation as applying to all Aggrieved Employees.  The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1198.

**X.    Defendant's Violations of *California Labor Code* Section 1199.**

    a.   *California Labor Code* Section 1199.

Under *California Labor Code* Section 1199:

> Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following:  (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission.  (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.  (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission.

*Cal. Labor Code* **§** 1199.

    b.   Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 1199.

As set forth herein, during all relevant pay periods, Defendant continuously required or caused Plaintiff to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission, including but not limited to its violations of *California Labor Code* sections 1197, 1182.12, 1194, 1194.2, 1197.1, 1199, 510, 512, 226.7, 1182.8 and the applicable IWC Wage Order.  These violations were against Plaintiff and any and all Aggrieved Employees.  Thus, Defendant was and is in violation of *California Labor Code* Section 1199 for continuously violating the standard conditions of labor fixed by the commission.  To be clear, the Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees.  The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1199.

**XI.    Defendant's Violations of *California Labor Code* Section 558.**

    a.   *California Labor Code* Section 558.

Under *California Labor Code* Section 558:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  For each subsequent violation, one hundred dollars

($100) for each underpaid employee for each pay period for which the
employee was underpaid in addition to an amount sufficient to recover
underpaid wages."

*Cal. Lab. Code* § 558(a)(1)-(2).

      b.   Facts and Theories Supporting Defendant's Violation of *California Labor Code*
         Section 558.

As set forth herein, during all relevant pay periods, Defendant continuously violated
sections of this chapter or any provision regulating hours and days of work in any order of the
Industrial Welfare Commission.  These violations, as set forth herein, were against Plaintiff and
any and all Aggrieved Employees.  Thus, Defendant was and is in violation of *California Labor
Code* Section 558 for continuously violating provisions regulating hours and days of work in IWC
Wage Orders and owes Plaintiff and any and all Aggrieved Employees civil penalties pursuant to
Section 558.  To be clear, the Labor and Workforce Development Agency and Defendant should
investigate this violation as applying to all Aggrieved Employees.  The provisions of subdivision
(c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 558.

## XII.   Defendant's Violations of *California Labor Code* Section 1174, Thus, Liability for Penalties Pursuant to Section 1174.5.

      a.   *California Labor Code* Sections 1174 and 1174.5.

Under *California Labor Code* Section 1174(d): "Every person employing labor in this state
shall: . . . Keep, at a central location in the state or at the plants or establishments at which
employees are employed, payroll records showing the hours worked daily by and the wages paid
to . . . ."

Under *California Labor Code* Section 1174.5:

      Any person employing labor who willfully fails to maintain the records
      required by subdivision (c) of Section 1174 or accurate and complete
      records required by subdivision (d) of Section 1174, or to allow any member
      of the commission or employees of the division to inspect records pursuant
      to subdivision (b) of Section 1174, shall be subject to a civil penalty of five
      hundred dollars ($500).

      b.   Facts and Theories Supporting Defendant's Violation of *California Labor Code*
         Section 1174, Thus, Liability for Penalties Pursuant to Section 1174.5.

As set forth herein Defendant never kept payroll records showing all the hours worked daily
by Plaintiff and the wages paid to him.  Plaintiff is informed and believes and thereon alleges that
Defendant during all relevant pay periods, also fails/ed to keep records showing all hours worked
daily by and all wages owing any and all Aggrieved Employees.  Thus, Defendant violated *California
Labor Code* Section 1174 for failing to keep Plaintiff's and any and all Aggrieved Employees of
Defendant payroll records showing the hours worked daily by them and the wages paid to them.  Thus,
Defendant owes the civil penalties provided for in Section 1174.5.  To be clear, the Labor and
Workforce Development Agency and Defendant should investigate these violations as applying to all

Aggrieved Employees.  The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1174 and subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1174.5.

**XI.**    **Defendant's Violations of *California Labor Code* Sections 201, 202, 203 and 208.**

    a.   *California Labor Code* Sections 201, 202, 203 and 208.

Under *California Labor Code* Section 201(a): "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Under *California Labor Code* Section 202(a):

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

*Cal. Lab. Code* § 202(a).

Under *California Labor Code* Section 203(a):

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Pursuant to *California Labor Code* Section 208: "Every employee who is discharged shall be paid at the place of discharge, and every employee who quits shall be paid at the office or agency of the employer in the county where the employee has been performing labor. All payments shall be made in the manner provided by law."  *Cal. Lab. Code* § 208.

    b.   Facts and Theories Supporting Defendant's Violation of *California Labor Code* Sections 201, 202, 203 and 208.

At the time Plaintiff's resignation on or around April 5, 2021, Defendant willfully failed to pay Plaintiff within 72 hours all the herein-described wages owed to him.  Plaintiff is informed and believes and thereon alleges that during all relevant pay periods, any and all other discharged employees, or employees whom resigned from Defendant were also not immediately paid at the place of discharge all wages owed to them by Defendant; thus, Defendant violated *California Labor Code* sections 201, 202, 203 and 208.  Specifically, Defendant owed any and all other discharged, or resigned employees of Defendant overtime premium wages, minimum wages and

the additional hours of pay at their regular rate of compensation for each workday that their rest and meal periods were not provided to them.  To be clear, the Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Sections 201, 202, 203 and 208.

## XII.    Defendant's Violations of *California Labor Code* Section 558.1.

a.    *California Labor Code* Section 558.1.

Under *California Labor Code* Section 558.1:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.  (c) Nothing in this section shall be construed to limit the definition of employer under existing law.

*Cal. Lab. Code* § 558.1.

b.    Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 558.1.

Plaintiff is informed and believes and thereon alleges that all herein-described violations were caused to be violated by Defendant.  Plaintiff is further informed and believes and thereon alleges that all the herein-described violations also apply, or applied, to any and all Aggrieved Employees during all relevant pay periods.  Thus, Defendant is liable to Plaintiff and any and all Aggrieved Employees for violations of *California Labor Code* section 558.1.  To be clear, the Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees.  The provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 558.1.

## XI.    Defendant's Violation of *California Labor Code* Section 2699, *et seq.*

a.    *California Labor Code* Section 2699, *et seq.*

Under *California Labor Code* Section 2699(a):

(a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an

aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Section 2699 further states in part: "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." *Cal. Lab. Code* **§** 2699(f)(2).

      b.  <u>Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 2699, *et seq*.</u>

Plaintiff on behalf of Plaintiff and on behalf of the State of California and any and all Aggrieved Employees seeks the above-cited 2699, *et seq*. penalties and any and all other civil penalties available to Plaintiff, Aggrieved Employees and the State of California as a result of Defendant's various violations of the *California Labor Code* and IWC Wage Order set forth herein.

Very truly yours,

**J.B. TWOMEY LAW**

**J.B. TWOMEY**

cc:    **<u>SENT VIA FIRST CLASS CERTIFIED MAIL</u>:**
Ronald J. Corcoran, Registered Agent
Corcoran's Mobile Services, Inc. d/b/a CMS Fleet Services
13519 Sundale Road
Houston, Texas 77038

**<u>SUBMITTED ELECTRONICALLY TO</u>**:
State of California, Dept. of Industrial Relations
Labor and Workforce Development Agency
https://dir.tfaforms.net/308